Personal injury action by Inter County Telephone Telegraph Company, a corporation, and the Fidelity Casualty Company of New York, a corporation, against J.L. Cone and J.D. Manley, partners, doing business as Cone Manley. From the judgment, the defendants appeal.
Reversed.
The appeal is from a judgment entered in favor of the plaintiffs below in a case involving personal injuries to one Stovall, an employee of the plaintiff telephone company. The essential allegations of the declaration are that the defendants, through their agent or servant, one Newboldt, so negligently operated a motor vehicle on the highways of Lee County that it ran into a gasoline truck causing the truck to burst into flames, whereby telephone lines of the telephone company were so damaged that telephonic communications were interrupted; that Stovall was directed to seek out and repair the damage; that when Stovall finally reached the general vicinity of the accident and while he was still approximately 300 feet therefrom the *Page 149 
gasoline truck exploded, hurling burning gasoline upon him and inflicting serious injuries.
A demurrer to the declaration was overruled, the defendants filed pleas of not guilty and contributory negligence and the parties went to trial.
The essential facts adduced at the trial were simple: Newboldt was operating the defendants' truck in a westerly direction along a two-lane highway near Fort Myers, Florida. Not far ahead of him two other motor vehicles were traveling in the same direction. The first vehicle pulled to the right shoulder of the highway and stopped to pick up some pedestrians. The middle vehicle pulled to a stop approximately 25 feet behind it. Newboldt was unable to stop the truck he was driving and so cut it sharply to the left to avoid a collision. As the truck proceeded to the south lane of the highway it came squarely into the path of an oncoming gasoline truck traveling eastward. Both drivers attempted to avert a head-on collision but the trucks collided and the gasoline truck burst into flames on the south side of the highway. The heat from the burning gasoline destroyed certain telephone lines immediately overhead and this interrupted telephone service in the area.
Stovall, an employee of the telephone company, was sent from the Fort Myers station of the company to trace out the cause of the interruption of service and to attempt such repairs as seemed necessary. Following the lines out from the station, Stovall finally arrived at the general scene of the accident some 30 or 40 minutes after the collision. Before his arrival a hundred people or more had been attracted to the scene by great clouds of smoke and flames from the burning vehicle. Law enforcement officers had also arrived and were attempting to keep the crowd away from the obviously dangerous condition created by the accident.
Upon his arrival Stovall parked his repair truck behind a Florida Highway Patrol car, some five or six hundred feet from the fire. As he alighted from the vehicle he could see that a gasoline truck was afire, that the wires above the fire were destroyed and that no repairs could be made until the fire had subsided. Nevertheless, he went forward through the crowd on foot to get a better view of the situation. Before he reached the point where the vehicles had left the highway the gasoline truck exploded and Stovall was burned by flaming gasoline thrown through the air by the explosion.
Upon these facts a verdict was found in favor of the plaintiffs, a motion for new trial was denied and judgment was entered. The appeal is from that judgment. The primary question on the appeal is whether, under the facts, the negligence of the defendants' driver at and immediately prior to the collision was the sole proximate cause of the injuries sustained by Stovall.
Not every negligent act of omission or commission gives rise to a cause of action for injuries sustained by another. It is only when injury to a person who himself is without contributing fault has resulted directly and in ordinary natural sequence from a negligent act without the intervention of any independent efficient cause, or is such as ordinarily and naturally should have been regarded as a probable, not a mere possible, result of the negligent act, that such injured person is entitled to recover damages as compensation for his loss. Conversely, when the loss is not a direct result of the negligent act complained of, or does not follow in natural ordinary sequence from such act but is merely a possible, as distinguished from a natural and probable, result of the negligence, recovery will not be allowed. Seaboard Air Line Ry. Co. v. Mullin, 70 Fla. 450, 70 So. 467, L.R.A. 1916D, 982, Ann.Cas. 1918A, 576. "Natural and probable" consequences are those which a person by prudent human foresight can be expected to anticipate as likely to result from an act, because they happen so frequently from the commission of such act that in the field of human experience they may be expected to happen again. "Possible" consequences are those which happen so infrequently from the commission of a particular act, that in the field of human experience they are not expected as likely to happen again from the commission of the same act. See 38 Am. Jur. 712, Negligence, Sec. 61. *Page 150 
In the application of this rule to the facts of the case at bar, it is plain that on the record the defendants could have been held liable for such damages to the gasoline truck and the injury to its driver as was occasioned by the negligent operation of the truck being driven by Newboldt; because the probability of being required to respond in damages for injuries due directly to the negligent operation of a motor vehicle on the public highways is a calculated risk taken into account by every prudent person who entrusts his vehicle to another. It may be that the defendants could have been held liable for the damages done to the telephone lines by reason of the accident and, perhaps, for damages resulting from the interruption of telephone service; because the presence of loaded gasoline trucks on the highways and the inflammable character of the volatile contents they carry is commonplace knowledge. The responsibility for having to respond in damages for losses of this nature can be foreseen by any prudent person as the probable consequences of an accident on the highway, because they have happened so frequently in every-day affairs that they may reasonably be expected to happen again. Moreover, such damages are likely to be the direct and proximate consequences that will naturally and ordinarily flow in uninterrupted sequence from the happening of such an event.
But the injuries suffered by Stovall are of an entirely different character. The responsibility of a tort-feasor for the consequences of his negligent acts must end somewhere, and under our legal system the liability of the wrongdoer is extended only to the reasonable and probable, not the merely possible, results of a dereliction of duty. It cannot be fairly said that when the defendants placed their truck in the hands of their agent, Newboldt, they should have been able to foresee that as a result of a series of events beginning with the collision and ending with the explosion 30 or 40 minutes later, an employee of the plaintiff would come on the scene and, without inducement, excuse, or legal justification, voluntarily expose himself to a known and obvious danger and thereby sustain an injury. Yet that is precisely what would have to be held in order to sustain the judgment.
Under the circumstances shown by the record, it is our view that there was no direct causal relation between the negligent act of the defendants' agent in driving onto the south lane of the public highway and into the path of the gasoline truck and the subsequent injuries to Stovall occasioned by the explosion; consequently, the judgment appealed from should be reversed.
It is so ordered.
ADAMS, C.J., and THOMAS, BARNS and HOBSON, JJ., concur.
TERRELL and CHAPMAN, JJ., dissent. *Page 201