**Eddie Childers, Harry Mayabb, et al., Plaintiffs-Appellants, v. John D. Franklin, Defendant-Appellee.**

**Gen. No. 64–F–22.**

Fifth District.

February 29, 1964.

Fletcher Lewis, of Murphysboro, and Frank E. Trobaugh, of West Frankfort, for appellants.

Mitchell & Green, of Murphysboro, for appellee.

DOVE, P. J.

The plaintiffs brought this action seeking to recover personal and property damages which they sustained when the automobile of the defendant collided with an automobile and also with a pickup truck, in which the plaintiffs were riding. At the time of the collision, two of the plaintiffs were occupants of the automobile and two of the plaintiffs were occupants of the truck.

By stipulation of the parties, a jury was waived and the issue submitted to the court for determination was confined to the question of the liability of the defendant. The court found in favor of the defendant, and from an appropriate judgment in his favor, the plaintiffs appeal.

The record discloses that on the evening of October 30, 1958, defendant drove his Cadillac Sedan automobile to the Benton Junior High School in Benton. Arriving at the school he parked his car on a private

parking lot provided by said school for its patrons, turned off the motor, left the car unlocked and the key in the ignition, and proceeded to the basketball field where his son was participating in a game that evening.

Upon his return to the place where he had parked his car, he found it was gone, and later learned that it had been stolen by James Hammond, Billy Hammond, and Robert Thorpe. These three thieves left Benton in their stolen car and after they had proceeded some distance toward West Frankfort, on their way to New Orleans, the stolen car, belonging to defendant, and being driven by one of the thieves, collided with the automobile and truck belonging to the plaintiffs, resulting in injuries to their person and property, for which a recovery is sought in this action.

■ It is the contention of counsel for appellants that appellee violated the Uniform Act Regulating Traffic on Highways, and that the violation thereof constituted negligence which was the proximate cause of the collision. It is also contended that irrespective of the statute, the act of the appellee in parking his car where he did, unlocked and with the key in the ignition, constituted negligence at common law, which was the proximate cause of the collision.

It is the contention of counsel for defendant that defendant's car was not parked on a street or highway at the time it was stolen, and therefore, the statute relied upon had no application. It is also insisted that there could be no common law liability because defendants' negligence, if any, was not the proximate cause of plaintiffs' injuries and damages.

The Uniform Act Regulating Traffic On Highways provides:

> "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, and re-

moving the key, or when standing upon any perceptible grade, without first effectively setting the brake thereon and turning the wheels to the curb or side of the highway." (Ill Rev Stats, c 95½, § 189, par 92, Art XIV.)

The trial court found that this section of the Traffic Code had no application to the factual situation as disclosed by the evidence, and also found that the negligence, if any, of John D. Franklin in parking his said automobile unlocked and without removing the key from the ignition, was not the proximate cause of the collision between defendant's car and plaintiffs' motor vehicles.

The complaint alleged that defendant, on the evening in question, parked his car and "permitted it to remain unattended on Webster or Church Street in the City of Benton, or in the alternative, on a public school ground adjacent to said streets." With certain enumerated exceptions, the Uniform Act Regulating Traffic On Highways states that "the provisions of this Act relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways." (Ill Rev Stats c 95½, § 117, par 20, Art II.)

The place where this car was parked on the evening it was stolen was not within any of the exceptions, and was not parked on a public highway. The trial court so found and correctly held that the statutory prohibition against permitting a motor vehicle to stand unattended, without locking the ignition and removing the key, was not applicable.

■ Counsel for appellants further insist that even though this court sustains the finding of the trial court, that defendant's car, on the night it was stolen, was parked on the Benton Junior High School parking lot, still, under the common law, defendant, in leaving his car at such a place, unattended and unlocked, with the starter key in the ignition, was "guilty

of negligence which was the proximate cause or, at least, a contributing factor, to causing the injuries sustained by the plaintiffs." Counsel argue that car thievery is on the upgrade; that this parking lot was not guarded or watched by anyone; that defendant violated every precaution which an ordinarily prudent car operator takes in parking his car in a public place, and that in so doing, he did not act as a reasonably prudent person would act under similar circumstances. In support of this argument, Counsel cite Ney v. Yellow Cab Co., 2 Ill2d 74, 117 NE2d 74, 51 ALR2d 624; Stanko v. Zilien, 33 Ill App2d 364, 179 NE2d 436; Ostergard v. Frisch, 333 Ill App 359, 77 NE2d 537, and 65 CJS Negligence, § 111.

In the Ney case the Supreme Court affirmed the judgment of the Appellate Court, which affirmed the judgment of the Municipal Court of Chicago in favor of the plaintiff, where it appeared that a thief stole a taxicab of the defendant, and while in flight, ran into plaintiff's vehicle, causing property damage. The taxicab had been left, by its operator, unattended on a Chicago street without first stopping the engine or locking the ignition or removing the key, contrary to the aforesaid provisions of the Uniform Traffic Act. The Supreme Court held that this provision of the Traffic Act was a public safety measure, and the violation of the statute is prima facie evidence of negligence and concluded (p 84): "Questions of negligence, due care and proximate cause are ordinarily questions of fact for a jury to decide. The right of trial by jury is recognized in the Magna Charta, our Declaration of Independence, and both our State and Federal Constitutions. It is a fundamental right in our democratic judicial system. Questions which are composed of such qualities sufficient to cause reasonable men to arrive at different results should never be determined as matters of law. The debatable quality

of issues, such as negligence and proximate cause, the fact that fair-minded men might reach different conclusions, emphasize the appropriateness and necessity of leaving such questions to a fact-finding body. The jury is the tribunal under our legal system to decide that type of issue. To withdraw such questions from the jury is to usurp its function."

In Stanko v. Zilien, 33 Ill App2d 364, 179 NE2d 436, it appeared that Joseph Drabik stole an automobile, which had been parked in a privately used car lot, belonging to Ray Zilien. During business hours, Drabik visited the lot ostensibly to buy a car, and substituted keys in one of the cars. At night the substituted key was locked, with other car keys, in the accustomed place in a cabinet. Drabik returned later and with the key which he had stolen, entered the car and drove it away. Twelve days later, and at a place 41½ blocks from the scene of the theft, Drabik, driving the stolen car, collided with plaintiff's automobile, who brought this action against Zilien to recover for the damage plaintiff sustained as a result of this collision. After citing the statute regulating traffic, with reference to unattended vehicles on highways, and the exceptions thereto, the court said (p 364): "This (statute) therefore, does not apply to persons who had their cars on private property and which were stolen at a later time and driven away. It is not intended to apply to them, but to those who leave their cars on public highways with the ignition on and the cars were then stolen."

In disposing of the contention that even though there was no violation of the statute, there was a case of negligence at common law, the court said (p 364): "This contention cannot be sustained for the reason that there was no causal connection between leaving the key in the car and the accident twelve days later, and 41½ blocks from the scene of the theft. To hold

349

the original owner liable in this case would be beyond the bounds of proximate cause. . . . It certainly cannot be said in this case that there was not a break in the causal connection with the intervention of twelve days and the fact that there was driving by the defendant, Drabik, which was far away in time and place from the theft from defendant, Zilien, and it was this driving which caused the accident. There is no common law action because the key left in the car was not the proximate cause of the accident."

In Ostergard v. Frisch, 333 Ill App 359, 77 NE2d 537, the defendant left his car about ten o'clock in the morning, parked on a public street, unlocked and with the key in the ignition. The car was stolen and the thief, while driving the car 6½ city blocks from the place where the car was stolen, collided with plaintiff's automobile, who sued the owner of the stolen car to recover the damage he sustained. In affirming a judgment for the plaintiff, the court said that the provisions of our statute were not to protect the owner of the car against theft, but a safety measure designed to protect the public against stealing a motor vehicle, and the possible reckless driving of the stolen car; that to prevent this happening, the statute requires the owner of the car, when leaving it unattended, to lock the ignition and remove the key from the ignition or switch; that defendant, by all rules of common sense and reason, was required to know that a thief, in his effort to escape from the scene of the theft, may have no greater regard for traffic lights or traffic regulations than he had for the criminal statute making it a felony to steal a car. "He (the defendant), must foresee," said the court, "that the thief who steals his car will not be concerned when fleeing from the scene of the theft, about the rule of care and diligence in driving the car, which a driver is required under the law to exercise."

350

The trial court in the Ostergard case found from the evidence in that case, that the violation of the statute was the proximate cause of the accident, and that the criminal act of the thief in stealing the car, together with his tortious act in negligently operating it, was not the proximate cause of plaintiff's injuries. The Appellate Court, recognizing that the question of proximate cause was a question of fact, affirmed, by a divided court, the judgment of the trial court.

In Cockrell v. Sullivan, 344 Ill App 620, 101 NE2d 878, the Appellate Court of the Third District refused to follow Ostergard v. Frisch, 333 Ill App 359, 77 NE 2d 537, stating that the greater weight of authority in Illinois and other jurisdiction supports the reasoning and conclusion of the dissenting opinion. The author of the annotation in 51 ALR2d, at page 664, says that the Cockrell decision "seems of doubtful authority" in view of the holding in the Ney case. In refutation of the statement in the Ostergard opinion to the effect that a defendant of ordinary common sense and reason would know that the thief of an automobile, in his effort to escape from the scene of his theft, would have no greater regard for traffic regulations than he had for the law making it a felony to steal a car, the writer of the opinion in Cockrell v. Sullivan, 344 Ill App 620, at page 624, 101 NE2d 878, said that such a conclusion was contrary to common experience, and that it would seem reasonable that a car thief, in order to avoid attracting attention and arrest, when fleeing from the scene of the theft, would be meticulous in observing traffic laws.

Many cases hold that the theft of an automobile and subsequent negligent operation thereof, were not reasonable foreseeable risks of leaving a car, unattended with the key in the ignition; that everyone is justified in assuming that everyone else would obey the laws and that it is not reasonably to be anticipated that a

351

car will be stolen and later operated negligently. Other cases point out that, although parking a car at certain places and under certain circumstances, might be negligent and the theft of the car reasonably foreseen, nevertheless, the tortious acts of the thief, occurring after the flight had terminated, are held to be the proximate cause of the injury. The theft of the car was a consequence too remote to have been reasonably within the contemplation of the owner, and liability is therefore denied on the ground that the affirmative act of the thief amounted to an intervening cause insulating any negligence of the owner of the vehicle. (Annotation 91 ALR2d 1326, 1328, 1333, sec 4, Keys left in ignition.)

The cars involved in the Ney and Ostergard cases were parked on a public street when stolen. In the instant case defendant's car, when stolen, was not parked on a public highway. In the Stanko case, as in the instant case, the car was stolen from a parking lot, and it was held that there was no common law liability because leaving the car unlocked, with the key in the ignition, was not the proximate cause of the injury.

Following the report of Ney v. Yellow Cab Co., 2 Ill2d 74, 117 NE2d 74, 51 ALR2d 624, is an annotation on the liability of the owner of a motor vehicle, or the person parking it, for damages as a result of the parking of the vehicle in such a way as to make it possible for a stranger or intermeddler to start it and injure and cause damage to another. Section 17 of that annotation (p 662) states that the general rule is that when, between negligence and the occurrence of an injury, there intervenes a willful, malicious, and criminal act of a third person, which causes injury but was not intended by the negligent person and could not have been foreseen by him, the causal chain between negligence and the accident is broken. If, on

the other hand, at the time of the negligence, the criminal act might reasonably have been foreseen, the causal chain is not broken by the intervention of such act. It is also stated that the surrounding circumstances, including the nature of the locality in which the negligence occurred, may be sufficient to render an intervening criminal act reasonably foreseeable, and in this connection the recent case of Hergenrether v. Collier, 36 Cal Rptr 88, should be referred to.

In the Hergenrether case it appeared that the plaintiffs were seriously injured when the truck in which they were riding was struck by another truck, then being driven on a highway by an unidentified and unapprehended thief. The defendants were Carl Christy, the owner of the stolen truck, and his employees, Roy East and Robert Collier, to whom Christy had entrusted his truck. The theory of the plaintiffs was that East and Collier had negligently left their truck parked on a city street, unattended and without removing the key from the ignition switch. Plaintiff's witnesses characterized the street in Redding, where the truck had been left parked, as that city's "skid row," and described it as a "blighted area." The case went to the jury as to defendants East and Collier, and the jury returned a verdict against both of these defendants, and in favor of each plaintiff for $30,000.

In affirming a judgment for the defendants notwithstanding the verdict, the court cited and commented upon several California cases including Richards v. Stanley, 43 Cal2d 60, 271 P2d 23, which held that in the absence of "special circumstances" the duty of an owner of an automobile to exercise reasonable care in the management thereof, does not include a duty to remove the ignition key to protect persons on the highway from the negligent driving of a thief. An interesting discussion follows, and the court pointed out that liability for unlocked cars has been created

by statute in some jurisdictions but not in California, and concluded by stating that "to impose liability on defendants in this case would be an extension of a legal duty unjustified by precedent."

The author of the article on Negligence in Corpus Juris Secundum states that the doctrine of intervening efficient cause, or insulating the negligence of one person by the subsequent intervention of the active negligence of another, involves the question of proximate cause; that the mere fact that other causes, conditions, or agencies have intervened between defendant's negligence and the injury for which recovery is sought, is not, of itself, sufficient in law to relieve a defendant of liability; that if the injury is the natural and probable consequence of the original negligent act or omission, and is such as might reasonably have been foreseen as probable, the original wrongdoer is liable notwithstanding the intervening act or event. A person, continues this article, is not bound to anticipate the malicious, willful, or criminal acts of another by which damage is inflicted, but if an independent, illegal, or willful act was of such a nature it might have been anticipated, and was such that a defendant should have provided against it, he will be liable for a breach of such duty notwithstanding the production of injuries by the intervention of such act. (65 CJS Negligence, § 111.)

In the instant case the evidence indicates that the flight of the thieves at the time of the collision resulting in plaintiffs' injuries had terminated. Ordinarily this question, as well as the question whether defendant, when he left his car parked where he did, under the circumstances as then existed, unattended, unlocked, and with the key in the ignition, was negligent, and the question whether the theft of the car, and the subsequent events, were foreseeable and the proximate cause of plaintiffs' injuries, were all ques-

tions of fact. We agree, however, with the finding of the trial court to the effect that leaving this car, unlocked, and with the key in the ignition, may have been a contributing reason for the theft of defendant's car, but it was not the proximate cause of plaintiffs' injuries, which thereafter resulted from the tortious operation of defendant's car by the thieves.

The judgment of the Circuit Court of Franklin County is affirmed.

Judgment affirmed.

REYNOLDS and WRIGHT, JJ., concur.