(No. 5151—

JIMMIE G. FULLER, Claimant *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 10, 1967.*

R. CORYDON FINCH, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PERLIN, C.J.

Claimant, Jimmie G. Fuller, seeks recovery of $618.95 for damages incurred when an escaped ward of

the Illinois Youth Commission stole and damaged claimant's automobile and personal property, which was stored in the vehicle.

The statute, which was in effect on October 27, 1963 when the incident occurred, provides as follows:

"Whenever a claim is filed with the Department of Public Welfare, or the Department of Public Safety, or the Youth Commission for damages resulting from property being stolen, heretofore or hereafter caused by an inmate who has escaped from a charitable, penal, reformatory or other institution over which the State of Illinois has control while he was at liberty after his escape, the Department of Public Welfare, or the Department of Public Safety, or the Youth Commission, as the case may be, shall conduct an investigation to determine the cause, nature and extent of the damages inflicted, and, *if it be found after investigation that the damage was caused by one who had been an inmate of such institution and had escaped, the said Department or Commission may recommend to the Court of Claims that an award be made to the injured party, and the Court of Claims shall have the power to hear and determine such claims.*" (Emphasis supplied.) (Chap. 23, Sec. 4041, Ill. Rev. Stats.)

Therefore, the elements, which must be ascertained before a recovery is awarded to claimant, are: (1) that an inmate escaped from an institution over which the State had control; (2) that the inmate caused the damage claimed while he was at liberty after his escape; (3) that the proper State authority establishes upon investigation that the damages were caused by the escapee; and, (4) a determination of the nature and extent of the damages.

Claimant Fuller testified that he worked at the Kimmel Auto Supply Store in Anna, Illinois, which was located at 200 North Main Street. On October 27, 1963 at 8:00 A. M., he parked his 1956 Pontiac in the parking lot, which was owned by the store. The parking area was located in front of the store. He left the keys in the car, and did not lock it. At 11:00 A. M. he discovered that the car was gone, and notified police. The next

he heard concerning the car was when the police called him from Chicago saying they had recovered it. Claimant then went to Chicago to retrieve the automobile. The car was damaged, and a transistor radio and several tools were missing.

The Departmental Report of the Illinois Youth Commission, by John A. Troike, Chairman, states: "An investigation of the facts indicates that it is reasonable to believe that a ward of the Illinois Youth Commission may have caused damages to Mr. Fuller's property; ..."

In support of this conclusion the following evidence was submitted:

(1) A report of Donald L. Harper, Camp Director, Union Forest State Boys' Camp, Jonesboro, Illinois, which contained the following information: On October 25, 1963 at approximately 8:40 P. M., Thomas Bagnall and John Turner ran away from Union Forest State Boys' Camp. John Turner was working in the laundry room, an honor job. Thomas Bagnall asked for permission to go to the washroom, which was granted. When Thomas Bagnall arrived at the washroom, the two boys bolted through the barracks, and left through the door. They were missed in four or five minutes when Bagnall did not report back from the washroom. A search was immediately organized, but there was no word of the boys.

A car was stolen in Anna at approximately 4:00 A. M. on October 26th. A boy answering the description of Thomas Bagnall was picked up by a man and his wife south of Anna, Illinois just prior to daylight on the 26th. The boy had run out of gas, and was taken to a gas station where he had very little money, and could only purchase a gallon or so of gas. The man took the

boy back to the automobile. This car was later found abandoned just east of Anna.

On the morning of the 26th, a boy answering the description of Thomas Bagnall was seen walking up and down the block on North Main Street in Anna. The boy was dressed in blue jeans torn down the left leg. He was observed walking by the 1956 Pontiac, which was owned by Jimmie Fuller, and parked in front of the Kimmel Auto Supply Store on North Main at about 10:00 A. M.

On October 27th a call was received from the Sheriff of Union County stating that Mr. Fuller's car had been found abandoned in Chicago. Extensive damage had been done to the car, and tools had been taken from the trunk of the automobile. Fuller went to Chicago to claim his car, and returned with a pair of pants, which had been left in the automobile. The pants were very dirty, and torn down the left leg. The pants and belt were of the prison-type used at the camp.

Thomas Bagnall was picked up in Forest Park near Chicago, and returned to the Reception and Diagnostic Center in Joliet.

The report states: "It is our feeling that Thomas Bagnall stole this automobile, and, since the automobile was low on gas, he either sold the tools to purchase gas, or traded them for gas and possibly some clean clothing. During Thomas' and John's stay in camp, they repeatedly planned to run away, and talked about it many times. We feel that both of these boys would not hesitate to run away again, if they were in the same type setting."

(2) A report of the Department of Police, Village of Forest Park, Illinois, included the following information: On October 27, 1963, a radio message was received from the State Police that Thomas Bagnall had escaped from

the Jonesboro Youth Camp. Thomas had been reported seen in the area on several occasions, and, on November 2, 1963, was apprehended with three other youths. The other youths gave the information that Thomas had been arrested in a stolen auto in the past week, had gone to Boys Court under the name of James Oberg, and was placed on one year supervision. A fingerprint check showed that Oberg and Bagnall were the same person.

(3) A report of Arthur E. Wright, Superintendent of the Illinois Industrial School for Boys, Sheridan, Illinois, stated that Thomas Bagnall denied being involved in the auto theft, and gave the story that a truck driver picked him up, and drove him to Chicago. However, it was the opinion of those present at the interview that Thomas was lying, and that the route, which he described, would not come within 100 miles of where he claimed to have been picked up.

It is the opinion of this Court that the investigation and report of the Youth Commission establish that Thomas Bagnall escaped from the Union Forest State Boys' Camp, and, while on escape, stole the automobile belonging to Jimmie G. Fuller.

Respondent contends, however, that claimant violated Sec. 189 of the Uniform Act Regulating Traffic on Highways, Chap. 95½, 1963 Ill. Rev. Stats., which provides: "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, and removing the key...." Respondent further alleges that claimant's violation of this statute amounted to negligence, and was the proximate cause of his loss. We do not accept the pertinency of such an argument in the light of the specific recovery right bestowed by the statute (Chap. 23,

Sec. 4041, 1963 Ill. Rev. Stats.). But, it is noteworthy that, even if the argument could well lie, respondent could not prevail.

In the case of *Childers* vs. *Franklin,* 46 Ill. App. 2d 344, 197 N. E. 2d 148 (1964), the Court held that Sec. 189 was not applicable where the defendant left his automobile with keys in a school parking lot. It stated that the statute refers only to the operation of vehicles on public highways, and does not apply to automobiles parked on a private lot. The same holding was reached in the cases of *U. S. Fidelity Guaranty Co.* vs. *State of Illinois,* 23 C.C.R. 188 (1960), where the stolen car was in claimant's driveway, and *Stanko* vs. *Zilien,* 33 Ill. App. 2d 364, 179 N. E. 2d 437 (1961), where the stolen vehicle was taken from a used car lot. In the instant case, the automobile was not on a public highway, but was parked in a private parking area, which was owned by the store in which claimant worked, thus removing it from the application of Sec. 189.

The expenses, which were allegedly sustained by claimant as a direct result of Bagnall's escape, are as follows: Call to Chicago to check on the car, $2.00; gasoline, $30.89; meals and room, $18.00; storage charges on car in Chicago, $12.00; wages lost while retrieving car, $16.80; one transistor radio, $18.00; tools, $175.00; and, repairs to car, $200.00.

This Court has long followed the principle of "avoidable consequences", which holds that a claimant must use such means as are reasonable under the circumstances to avoid, mitigate, reduce or minimize the damages, which he has incurred as a result of a wrongful act. *Schneider* vs. *State of Illinois,* 22 C.C.R. 453; *Otto* vs. *State of Illinois,* 24 C.C.R. 72; *Stephanites* vs. *State*

*of Illinois,* 24 C.C.R. 340; *Cordes* vs. *State of Illinois,* 24 C.C.R. 491; *Kelly* vs. *Chicago Park District,* 409 Ill. 91, 98 N. E. 2d 738. Claimant has not proved that expenditures for wages lost, meals and lodging were necessary or proper. He did not show that it was necessary for him to retrieve his car on a working day, nor did he prove that it was necessary to spend the night in Chicago. Therefore, these items will be disallowed.

Accordingly, claimant is hereby awarded the sum of $553.26.