HENDRY, Judge.
This is an appeal from an order dismissing appellants’ complaint for failure to state a cause of action.
Appellant, J. Conrad E. Langevin brought suit, individually and as next friend of the minor plaintiff, John Thomas Langevin, against Gray Drug Stores, Inc. The suit sought damages for injuries suffered by the minor plaintiff and his father as a result of the alleged negligence of the defendant.
The complaint alleges that the minor received injuries from flames which were emitted by a bomb constructed by another minor with materials (potassium nitrate) that the second minor purchased from the defendant’s drug store; it further alleges that the defendant was negligent by virtue of the following acts:
(a) In selling potassium nitrate to a minor when it knew or should have known of the explosive character of the material;
(b) in selling potassium nitrate to a minor when it knew or should have known that it is a common practice among minors to use potassium nitrate to construct explosive devices;
(c) in displaying potassium nitrate on its shelves thereby making it readily accessible to the numerous minors that frequent the locale in question;
(d) in failing to instruct its employees as to the explosive and dangerous character of potassium nitrate;
(e) in failing to instruct and/or supervise its employees with regard to the sale of potassium nitrate to minors;
(f) in failing to instruct its employees as to the use commonly made of potassium nitrate.
The defendant moved to dismiss the complaint on the grounds that it appeared on the face of the complaint that there could be no liability for the acts complained of; and, in addition, that the complaint was defective because it was attempting to impose legal liability against the defendant for displaying potassium nitrate on the shelves, or in the alternative, by making a bare allegation that the defendant knew or should have known that potassium nitrate was used commonly by minors to construct explosive devices.
After a hearing on the motion, the complaint was dismissed without leave to amend.
We hold that the trial judge was correct in dismissing the complaint with prejudice. It is axiomatic that the consequences of a negligent act must be those natural and probable injuries which are foreseeable by reasonable men, in order to state a valid cause of action sounding in tort. A well-reasoned discussion of this basic tort concept is found in Cone v. Inter County Telephone & Telegraph Co., Fla.1949, 40 So.2d 148, 149, where the court stated:
“ ‘Natural and probable’ consequences are those which a person by prudent human foresight can be expected to anticipate as likely to result from an act, because they happen so frequently from the commission of such act that in the field of human experience they may be expected to happen again. ‘Possible’ consequences are those which happen so infrequently from *72 the commission of a particular act, that in the field of human experience they are not expected as likely to happen again from the commission of the same act. See 38 Am.Jur. 712, Negligence, Sec. 61.”
See also, Rawls v. Ziegler, Fla.1958, 107 So.2d 601.
In the instant case, the appellants’ complaint fails to directly allege, or to present such facts which could lead to the inference, that the defendant’s negligence was the proximate cause of those natural and probable injuries which would have been reasonably foreseeable by the defendants.
Therefore, for the foregoing reasons the order appealed from is affirmed.
Affirmed.