McCORD, Judge.
This is an appeal from an order dismissing appellant’s second amended complaint with prejudice. The complaint alleged that appellant was employed by Jay wall, Inc., as a truck driver and that Jaywall had leased a tractor from appellee; that appellant had taken the tractor to appellee’s facility to have certain repairs made and the next day he returned for the purpose of obtaining the tractor; that upon arriving at appel-lee’s facility he was informed that the maintenance procedures had not been accomplished and was instructed to assist the mechanic in the maintenance process if he desired to be at the post office in accordance with the predetermined time. (The tractor was used in transporting the United States mail.) The second amended complaint further alleged that appellant was instructed by the mechanic to open the valve and drain the condensation from the air brake cylinder; that appellant proceeded to do so and upon turning the valve to the open position, the emission of fluid did not occur; that appellant was then instructed by the mechanic to loosen the blockage in the valve with a probe and was provided such an instrument by the mechanic ; that upon probing the valve in accordance with the instructions from the mechanic, water was expelled from the cylinder with force and struck the floor, driven by pressure of 120 pounds per square inch, and combined with battery acid which was then and there on the floor of appel-lee’s facility, which splashed from the floor and came into contact with appellant’s person causing severe damage to appellant’s right eye.
The sole question on this appeal is whether or not the trial court erred in granting appellee’s motion to dismiss the *201 second amended complaint. We find no error. The allegations of the complaint do not establish a legal right in appellant to relief against appellee. The ultimate facts, if proved, would not establish a cause of action for which relief may be granted. In Langevin v. Gray Drug Stores, Inc., of Miami, Fla.App.(3d), 216 So.2d 70, our sister court of the Third District said:
“In the instant case, the appellants’ complaint fails to directly allege, or to present such facts which could lead to the inference, that the defendant’s negligence was the proximate cause of those natural and probable injuries which would have been reasonably foreseeable by the defendants.”
Such is the situation here. The injury which resulted to appellant was not the foreseeable result of the mechanic instructing him to loosen the blockage in the brake cylinder valve with a probe. It was foreseeable that the probe would cause water to come from the brake cylinder with force, but it was not foreseeable that the water upon striking the floor would combine with a substance on the floor (battery acid) and then bounce at just the right angle to strike appellant in the eye thereby causing injury from the acid entering the plaintiff’s eye. As stated by Judge John Wigginton speaking for this court in Schatz v. 7-Eleven, Inc., Fla.App.(1st), 128 So.2d 901:
“ . . . Even though the person charged may be guilty of a negligent act, there can be no recovery from an injury resulting therefrom which was not a reasonable foreseeable consequence of his negligence. For the consequence of a negligent act to be foreseeable, it must be such that a person by prudent human foresight can anticipate will likely result from the act, because it happens so frequently from the commission of such an act that in the field of human experience it may be expected to happen again.”
The following additional statement of the Supreme Court in Cone v. Inter County Telephone and Telegraph Co., Fla. 40 So. 2d 148, is appropriate here:
. . The responsibility of a tort-feasor for the consequences of his negligent acts must end somewhere, and under our legal system the liability of the wrongdoer is extended only to the reasonable and probable, not the merely possible, result of a dereliction of duty
The trial court was correct in dismissing with prejudice the second amended complaint.
Affirmed.
RAWLS, C. J., and JOHNSON, J., concur.