(No. 75—CC—0002—)

EDWARD LINNEMAN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 6, 1979*

GORDON F. DE HART, for Claimant.

WILLIAM J. SCOTT, Attorney General (RICHARD J. GROSSMAN, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This is an action brought pursuant to Ill. Rev. Stat., ch. 23, par. 4041, known as damages caused by escaped inmates of State controlled institutions, for loss of the contents of a truck stolen by escaped inmates.

Mark Lane, an inmate, had been confined to the

Youth Center on April 2, 1974, for the crime of robbery. Selma Gerder, had been confined since April 3, 1973, for shoplifting, criminal damage to property, bike theft and running away.

They were housed in McKinley Cottage, one of 15 at the Center.

On June 4, 1974, the number of inmates at McKinley was between 40 and 50 and was so overcrowded that seven inmates were obliged to sleep on the floor. The security system consisted of two unarmed guards for the cottage, a locked exit door to the cottage with the keys in the possession of the guards inside, and an exterior nine foot fence. There were no electronic or other alarm systems other than a telephone which was used for periodic reporting.

At 10:20 p.m. Lane and Gerder overpowered the guards, obtained the key to the exit door from one of them, ripped out the phones and exited the building.

The escapees slept in a field that night. At about 6:30 a.m. on June 5, 1974, they entered Claimant's premises and stole Claimant's truck which was loaded for corn planting with bags of corn, insect killer, weed killer, and various sensors, tools and other material necessary for corn planting.

Approximately one and one-half hours after the theft, the inmates were apprehended by an alert officer of the Bloomingdale Police Department. The escapees were placed under arrest by the police and the truck was transported to Krolls' Gas Station and Garage in Bloomingdale.

At the time of the arrest, the arresting officer noticed that there were sacks of corn on the truck and that the truck was well loaded. He saw no physical damage on the truck. On the same day Claimant received a tele-

phone call from the Bloomingdale Police Department stating that they had his truck. Claimant had previously reported the truck stolen. Claimant went to Bloomingdale and observed the truck at Krolls' Gas Station where he found that the tires on the left side had a big bruise and that the wheel was kinked. The other front wheel of the truck was also damaged and bulged. The truck headlight was damaged and a door rain gutter was torn off. The only contents of the truck were two bags which were broken and split with the contents spilling.

The first issue to be decided by the Court is whether the State was negligent in allowing the escape of the inmates which ultimately led to the theft of Claimant's vehicle. McKinley Cottage, where the escaped inmates had been living, was overcrowded, and therefore it was foreseeable to the Respondent that the conditions might encourage an escape. The two unarmed guards with the exit door key were inside the cottage. The Respondent should have foreseen that 50 or more inmates could easily overpower two unarmed guards and obtain the exit key. Further, the lack of any alarm system allowed the escapees to exit the building and exit the premises without further interference from the authorities. There were no outside guards for security from the place of the cottage door to the institution fence enclosure.

It is our opinion that the lack of any alarm system, the overcrowded condition of the cottage, the fact that the guards on the inside had the exit key, all were factors which constituted negligence on the part of the authorities operating the Youth Center which allowed the inmates to escape. *Kent v. State* (1963), 24 Ill. Ct. Cl. 321.

The second issue to be decided, is whether the State is liable for a loss which occurred subsequent to the capture and arrest of the inmates.

The testimony of the police officer indicated that at the time of the arrest of the inmates, the truck was still loaded—reasonably full with sacks of corn. The officer noticed no defect in the condition of the truck.

This testimony by Officer Michael Joseph was substantiated by Sgt. Raney, both of the Bloomingdale Police Department. Their testimony was further substantiated by the testimony of Mark Lane, the escapee, who testified that during the time that he and the other inmate had possession of the truck they took nothing out of the truck.

It is, therefore, not subject to serious dispute that the loss of the contents of the truck occurred some time *after the arrest of the escaped inmates and during the time that the truck was in the possession of the police department or during the time that the truck was in the possession of Krolls' Garage*.

Claimant contends that the negligence of the Respondent in allowing the escape was the proximate cause of the ultimate loss of the items on the truck, and that the intervention of some other force which directly resulted in the loss does not break the causal connection if the intervention was of itself probable or foreseeable.

Claimant cites the case of *Ney v. Yellow Cab Company*, 2 Ill. 2d 74, 117 NE2d 74 in support of his contention.

In the *Nev* case, a thief stole a vehicle which was left at a curb with the engine running. The thief caused damage to the plaintiff's car while the thief was operating the stolen vehicle. The Court held that the owner of the vehicle was liable despite the intervention of a criminal force which directly caused the injury.

However, the basis here of Claimant's claim is Ill. Rev. Stat. 1975, ch. 23, par. 4041. The Statute provides:

"DAMAGES CAUSED BY ESCAPED INMATES OF STATE CONTROLLED INSTITUTIONS" Whenever a claim is filed with the Department of Mental Health and Developmental Disabilities, the Department of Children and Family Services or the Department of Corrections for damages resulting from personal injuries or damages to property, or both, or for damages resulting from property being stolen, heretofore or hereafter caused by an inmate who has escaped from a charitable, penal, reformatory or other institution over which the State of Illinois has control *while he was at liberty after his escape*, the Department of Mental Health and Developmental Disabilities, the Department of Children and Family Services or the Department of Corrections shall conduct an investigation to determine the cause, nature and extent of the damages and if it be found after investigation that the damage was caused by one who had been an inmate of such institution and had escaped, the Department may recommend to the Court of Claims that an award be made to the injured party, and the Court of Claims shall have the power to hear and determine such claims. (Emphasis supplied.)

The statute emphasizes the legislature's intent that the State will be liable for damages sustained by a Claimant if the loss occurred while he (inmate) was at liberty after his escape and the damage was caused by the escapee.

In the case at bar, the testimony of the inmate and the two police officers who took him into custody clearly proves Claimant's truck bed was full at the time of the arrest. Lane and Gerder were no longer *"at liberty,"* after their escape and any loss which occurred subsequent to that point in time is beyond the above statute, the basis of Claimant's claim.

In interpreting the Statute referred to, we previously stated in *Fuller v. State* (1967), 26 Ill. Ct. Cl. 14, 15:

Therefore, the elements, which must be ascertained before a recovery is awarded to Claimant, are: (1) that an inmate escaped from an institution over which the State had control; (2) that the inmate caused the damage claimed while he was at liberty after his escape; (3) that the proper State authority establishes upon investigation that the damages were caused by the escapee; and, (4) a determination of the nature and extent of the damages.

This case should be read and followed in cases of this kind. As we said on page 18 of said Case:

"We do not accept the pertinency of such an argument in the light of *the specific recovery right bestowed by the Statute* (Ill. Rev. Stat. 1963, ch. 23, par. 4041).

In that case Respondent claimed that Claimant's violation of a section of the Motor Vehicle Act amounted to negligence and was the proximate cause of his loss (Page 18). The Court rejected that argument.

Claimant has failed to prove by a preponderance of the evidence that his loss *was caused by Gerder and Lane while they were at liberty*. Claimant's claim must therefore be denied.

Redress here is strictly statutory. It could well be that Claimant had redress elsewhere. Damages occurring after the inmates were no longer at liberty are not covered by the statute involved, and the statute is controlling.

Claim denied.