PER CURIAM.
The trial court held, as a matter of law, that the owner of an automobile parked in a high crime area with the keys in the ignition is not liable to third persons injured in an accident involving said vehicle, which occurred some five-and-one-half months after the vehicle was stolen. We affirm.
Even if it was negligent to leave the keys in the ignition, under the principles announced in Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla.1978); Section 316.097, Florida Statutes (1975) we hold that the responsibility for such negligence must terminate at some time in the future and, at least, the owner of the automobile would not be liable for an accident occurring some five and one-half months after the automobile was stolen. It was not reasonable and probable that such a result would occur from the negligent act of leaving the keys in the ignition. Newton v. Davis Transport & Rentals, Inc., 312 So.2d 200 (Fla. 1st DCA 1975); Casey v. Corson & Gruman Company, 221 F.2d 51 (D.C.Cir.1955); Childers v. Franklin, 46 Ill.App.2d 344, 197 N.E.2d 148 (1964); Liberto v. Holfeldt, 221 Md. 62, 155 A.2d 698 (1959); Anno. 45 A.L.R.3d, §§ 6(b) and 9(b) and cases cited therein; and Cone v. Inter County Telephone and Telegraph Company, 40 So.2d 148 (Fla.1949), wherein the following is found:
“The responsibility of a tort-feasor for the consequences of his negligent acts must end somewhere, and under our legal system the liabily of the wrongdoer is extended only to the reasonable and probable, not the merely possible, results of a dereliction of duty.”
Therefore, for the reasons stated, the final summary judgment is affirmed.
Affirmed.