415 So.2d 1303 (1982)
CITY OF JACKSONVILLE, a Body Politic and Corporate, Appellant,
v.
Sean Michael RAULERSON, a Minor, by Peggy Ann Raulerson Eckerson, As Natural Guardian and Next Friend, Appellee.
No. ZZ-214.
District Court of Appeal of Florida, First District.
June 8, 1982.
Rehearing Denied July 22, 1982.
*1304 Dawson A. McQuaig, Gen. Counsel, William Lee Allen and Donald R. Hazouri, Asst. Counsels, Jacksonville, for appellant.
Dana G. Bradford, II, and Michael G. Tanner of Mahoney, Hadlow & Adams, Jacksonville, for appellee.
PER CURIAM.
Jacksonville appeals from the money judgment in the amount of $50,000 entered on a jury verdict of $125,001 for Sean Michael Raulerson, a 10-year-old boy whose eye was burned by lime spilling from a machine used to line the ballpark baselines in Jacksonville's Glynlea Recreational Park. Sean's mother and next friend also appeals in Sean's behalf from the circuit court's remission of the judgment to $50,000, the statutory limit of Jacksonville's liability. Sec. 768.28, Fla. Stat. (1979).
We first address the troubling question, raised by this Court but not by the parties at any stage, of whether it is sufficiently clear in this record that the real party plaintiff in interest is the minor Sean, rather than his mother the nominal plaintiff. Beyond mere questions of tidiness in the captions and preliminary recitals of pleadings and case reports, we are concerned to assure that Sean or his mother, whoever is the real plaintiff in interest, is bound by this judgment, and that the other is not. See Youngblood v. Taylor, 89 So.2d 503 (Fla. 1956); Brown v. Caldwell, 389 So.2d 287 (Fla. 1st DCA 1980); Brown v. Ripley, 119 So.2d 712 (Fla. 1st DCA 1960); City Stores Co. v. Langer, 308 So.2d 621 (Fla. 3d DCA 1975).
The form of an action by a child having no appointed guardian should be, as now stated in the caption of this opinion, "SEAN MICHAEL RAULERSON, a minor, by PEGGY ANN RAULERSON ECKERSON, as natural guardian and next friend, plaintiff." But the complaint in this case established the form of the action, both in the caption and in the body of the complaint, as that of "PEGGY ANN RAULERSON, as natural guardian and next friend of SEAN MICHAEL RAULERSON, a minor, plaintiff." (Ms. Raulerson's later marriage to Eckerson, and her adoption of his surname, is inconsequential to the problem now discussed.) Though both the caption and text of plaintiff's complaint say that Ms. Raulerson's interest in the litigation is only to represent her son, whose age disability prevents him from suing alone, we were concerned that the complaint apparent designation of Ms. Raulerson as plaintiff, albeit as natural guardian and next friend of her son, jeopardized Sean's recovery in this action for the personal injuries proved. See also Sanderson's Administrators v. Sanderson, 17 Fla. 820 (1880).
The record in this case shows beyond doubt that Sean is the real party plaintiff in interest, and that his mother asserted no claim for medical bills or other damages she conceivably may have sustained individually. The proof of damages was limited to damages sustained by and properly recoverable for Sean. Sean's identity as the real party plaintiff in interest was underscored in an exchange between Sean's counsel and the trial judge during counsel's opening statement to the jury:
JUDGE COX. Counselor, let me make a correction. The actual true plaintiff is the minor who is suing by and through his mother as his next friend.
MR. BRADFORD: As next friend, yes, sir.
THE COURT: Let's not have any confusion about who the real plaintiff is.
MR. BRADFORD: That's exactly right. The real plaintiff is the boy, and the mother is there for the reason Judge Cox just told you. She's not advancing any claim of her own. She's not involved in the claim.
Due to the trial court's alertness, important subsequent proceedings were conformed to the reality that "the `next friend,' who in this instance was the plaintiff's mother, does not become a party to the suit." Brown, supra, 389 So.2d at 288. Though the ambiguous caption was not corrected, the jury's verdict in form and fact was rendered for Sean. The judgment entered on the verdict was for Sean.
*1305 We willingly regard the quoted exchange between Judge Cox and plaintiff's counsel as tantamount to amending plaintiff's pleadings to correct a misnomer or ambiguous description in the pleadings of the party plaintiff. Fla.R.Civ.P. 1.190(e). No prejudice to the City of Jacksonville or to any other party occurred or has been asserted. We now correct the caption of the case to complete the clarification, and pass on to the merits.
The City of Jacksonville contends that the injury received by the minor was not foreseeable and was the result of an independent, efficient, and intervening cause. We affirm for the reason that under the circumstances of this case, those issues were properly submitted to the jury to be decided.
The evidence at trial included the following. The minor plaintiff sustained the injury at a public park owned by the City. Sean was a member of Southside Youth Athletic Association ("SYAA"), which sponsored a league and baseball games at the park. City crews routinely maintained the baseball fields at the park. Further, the City promulgated the rules of play and provided the umpires for the baseball games. SYAA also participated in the preparation of the playing fields including the lining of the playing field with lime. The equipment and supplies, including two "field liner" machines containing lime, used to prepare the fields were stored in a building located on the grounds. On the day of the accident, an employee of SYAA had obtained the equipment and put it in the back of a truck. He then drove over to the playing field, leaving the equipment unattended on the truck while he raked the field. Shortly thereafter, while the baseball field was being prepared for the evening game, Sean's grandmother left him unattended at the park. Sean was not a member of either team scheduled to play that night. Sean had previously helped in the lining of the fields in the presence of umpires.
Upon arriving at the park, Sean saw the truck containing the equipment and went over and attempted to remove a "field liner" machine which contained lime. As he attempted to remove the machine from the truck, he turned it over spilling some of the lime onto his face and into his left eye. Although two SYAA coaches immediately washed the eye with water and drove him home, the lime burns resulted in a permanent impairment of vision of the left eye.
The City had in the past furnished lime for use on the field. In some instances SYAA had obtained lime from a nearby nursery. Although we cannot be completely sure from the evidence that the lime in question was furnished by the City, there is ample evidence to support a jury's conclusion that it was furnished by the City.
In the seven years prior to Sean's accident, eight employees of the City had sustained eye injuries while using lime to line playing fields. No permanent disability or loss of vision was reported in any of those incidents. The City had been using lime for more than 30 years. There was no evidence of any minors ever having been previously injured by lime on a city playing field. There was evidence that an inert marble dust was available as an alternative to the use of the lime and that the City planned to switch to that substance but continued to use the lime in stock until it was used up.
The City has raised three points on appeal: (1) that the injury to the minor was unforeseeable; (2) that the injury was the result of an independent, efficient and intervening cause; and (3) that the minor himself was guilty of negligence as a matter of law.
We do not disagree with the argument put forward by appellant that legal cause exists only where injuries are the reasonably foreseeable result of a negligent act and that generally, foreseeability is a question of law initially. However, when reasonable persons can differ as to whether a particular injury is foreseeable, it becomes a jury question. Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54, 56 (Fla. 1977). We find that the evidence presented made foreseeability a jury question. The jury could reasonably have found *1306 that the lime was an inherently dangerous substance which was dispensed by the City. There was evidence that Sean had helped in the lining of the field in the presence of city employees. City employees had previously been injured through the use of the lime. Therefore, it was within the province of the jury to determine that it was reasonably foreseeable that the use of the lime would result in an eye injury to a child which occurred and which could have been reasonably prevented by an available alternative to the use of lime. The jury's finding of no contributory negligence on the part of Sean should likewise be undisturbed. While it may appear to some that Sean contributed to his own injury by taking it upon himself to climb on the unattended truck and lift the machine, reasonable men could also conclude that, under the circumstances, children of Sean's age, capacity, and intelligence who previously worked with the machine could have been expected to do the same. Thus, the jury's verdict should be sustained.
The appellee cross appeals challenging the trial court's limitation of damages to $50,000.00. We reject this attack by reference to Cauley v. City of Jacksonville, 403 So.2d 379 (Fla. 1981). Appellee also urges error in the trial court's refusal to tax costs of copies of depositions. Under the circumstances, we cannot say that the trial judge abused his discretion in disallowing the deposition costs sought. See generally: International Patrol and Detective Agency, Inc. v. Aetna Casualty and Surety Company, 396 So.2d 774, 777 (Fla. 1st DCA 1981).
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and JOANOS, J., concur.
THOMPSON, J., dissents.
THOMPSON, Judge, dissents.
I agree with the appellant that the injury received by the minor was not foreseeable and that it was the result of an independent, efficient, and intervening cause.
Assuming that the City was negligent in making lime available for use in its park, this factor would not impose liability upon the City unless its negligence was the legal cause of Sean's injury. "Not every negligent act ... gives rise to a cause of action for injuries sustained by another." Cone v. Inter County Telephone & Telegraph Co., 40 So.2d 148, 149 (Fla. 1949). Liability is limited to those consequences which are reasonably foreseeable. As explained in Cone, foreseeability may be viewed in terms of whether consequences are natural and probable, as opposed to simply possible.
"Natural and probable" consequences are those which a person by prudent human foresight can be expected to anticipate as likely to result from an act, because they happen so frequently from the commission of such act that in the field of human experience they may be expected to happen again. "Possible" consequences are those which happen so infrequently from the commission of a particular act, that in the field of human experience they are not expected as likely to happen again from the commission of the same act.
40 So.2d at 149.
In Pinkerton-Hays Lumber Company v. Pope, 127 So.2d 441 (Fla. 1961), the Supreme Court amplified their definition of the foreseeability test set out in Cone, saying:
The language in question was intended to convey the notion that foreseeability depends in part on whether the type of negligent act involved in a particular case has so frequently previously resulted in the same type of injury or harm that "in the field of human experience" the same type of result may be expected again. The test was not intended to, nor do we think it does, imply that a plaintiff, in order to recover in a negligence action, must prove that the particular causative act had frequently occurred before, and that it had frequently resulted in the same particular injury to the plaintiff.
See also Broome v. Budget Rent-A-Car of Jax, Inc., 182 So.2d 26 (Fla. 1st DCA 1966). This type accident had not occurred "frequently" before. As a matter of fact, it had never occurred before.
*1307 The facts herein indicate that it was foreseeable that persons lining the field with lime could suffer consequential injuries. Although no one playing on the field had ever been hurt by lime, the facts might even indicate that it was foreseeable that someone playing on a lime-lined field could suffer injuries resulting from the presence of the lime. But, it is only possible, not probable, that a spectator who should not go on the playing field could be injured by the lime. Although Sean answered affirmatively to a leading question as to whether he had ever assisted in lining a field, a SYAA official testified that because of his age Sean would not have been permitted to assist in lining the field even under supervision.
In this case, a grandparent left a 10 year old child, who the jury must have found incapable of contributory negligence, at a city park unattended and unsupervised. The child was not participating in any game under supervision and was a mere spectator at most. Before the game or when not interested in the game, he was free to do what most unattended and unsupervised 10 year olds would do, i.e., find things to do, some of which they do not have the maturity to recognize are dangerous. A third party put a "field liner" containing lime in his truck and left it unattended. This 10 year old, who was incapable of removing the "field liner" from the truck, climbed up into the truck and while attempting to remove the "field liner" dumped a substantial amount of lime directly in his face and left eye.
The injury to Sean's eye was not a foreseeable result of the City making available free of charge to athletic associations, clubs, and other non-profit groups lime for the purpose of lining ball fields. Under the facts in this case, the evidence, as a matter of law, failed to establish that the City's negligence was the legal cause of the damage sustained by Sean. Compare Pinkerton-Hays Lumber Company, which held that the negligent severing of a cable line by a bulldozer operator which prevented a night watchman of a sawmill from reporting a fire to the fire department before it spread to the sawmill was not the legal cause of the fire destroying the mill; Bryant v. Jax Liquors, 352 So.2d 542 (Fla. 1st DCA 1977), cert. denied, 365 So.2d 710 (Fla. 1978), in which this court held that the negligence of a vendor who sold a case of rum to two members of a high school club who were minors was not the legal cause of the damages to a third minor member of a club who became intoxicated to the extent that he was caused to fall, jump, or was pushed or shoved by other initiates so that he sustained severe permanent injuries; Adair v. The Island Club, 225 So.2d 541 (Fla. 2d DCA 1969), which held that the supplier of chlorine, an inherently dangerous commodity, could not have reasonably foreseen an officer's injury received when he was trying to remove a defective chlorine tank; and Jenkins v. City of Miami Beach, 389 So.2d 1195 (Fla. 3d DCA 1980), which held that a young boy's act of removing a loose copper coil from a water fountain in the city park and injuring another minor with it was not foreseeable despite the City's admitted knowledge of previous acts of vandalism by minors in the park at night. Thus, failure by the City to properly maintain the water fountain was not a legal cause of the injury sustained by the plaintiff.
While it might be possible that the City's action in furnishing lime for the lining of playgrounds and ball fields could result in the injury sustained by Sean, it is obviously not probable under the evidence in this case. The City's motion for directed verdict should have been granted.
The City is not liable for injuries resulting to Sean if there is an independent intervening cause, unless that independent intervening cause is a foreseeable and probable consequence of the negligent action of the City. Guice v. Enfinger, 389 So.2d 270 (Fla. 1st DCA 1980); Adair; and Cone. In this case, a child of tender age was left alone, unsupervised and unattended, at a city playground. An employee of the SYAA, which was conducting the games on the city playground, left a "field liner" containing lime in a truck unattended. The child *1308 climbed up in the back of the truck and attempted to remove the "field liner" containing the lime and injured himself. The negligence of the parents or the SYAA and its employees or both was an active, efficient intervening cause of the injury to Sean. Parents and others having immediate custody and control of children too young to exercise judgment to care for themselves, have a duty as ordinary prudent persons to use reasonable care to watch over, supervise, and protect them from foreseeable hazards and harm. Quest v. Joseph, 392 So.2d 256 (Fla. 3d DCA 1981); Orlando Sports Stadium, Inc. v. Gerzel, 397 So.2d 370 (Fla. 5th DCA 1981). The negligence of parents in failing to supervise children under some circumstances can be the sole legal cause of their injury or death. Alves v. Adler Built Industries, Inc., 366 So.2d 802 (Fla. 3d DCA), cert. denied, 378 So.2d 342 (Fla. 1979). "The responsibility of a tort-feasor for the consequences of his negligent acts must end somewhere, and under our legal system the liability of the wrongdoer is extended only to the reasonable and probable, not the merely possible, results of a dereliction of duty." Cone, 40 So.2d at 150.
As a very strong believer in the sanctity of a jury verdict which has been approved by a trial judge, I think, in the absence of an error of law, that a judgment entered on such a verdict should be affirmed if there is any evidence to support it. Although this is a judgment based on a jury verdict approved by a very able trial judge, I simply cannot find any evidence on which to base an affirmance. Therefore, I would reverse and remand for the entry of a judgment notwithstanding the verdict in favor of the defendant.