(No. 84-CC-1770

GEORGE GRAWE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 19, 1984.*

*Order on petition for rehearing filed January 24, 1985.*

JOHN M. HOSTENY, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This is a claim by George Grawe against the State of Illinois for lost wages during a period of time that he was wrongfully discharged from his employment with the Department of Transportation as a highway maintainer. A hearing was held on June 6, 1984, all briefs have been filed, and the matter now comes on for an opinion by the Court.

In 1977, Claimant suffered a heart attack which resulted in a workmen's compensation case against the State. During the pendency of that case, Claimant was off work. The case was ultimately settled by the parties in 1979. Thereafter, Claimant remained off work by taking a series of six-month leaves of absence until January of 1981. Claimant was terminated from his employment by Respondent, effective January 9, 1981. He sought review of that decision before the Civil Service Commission and ultimately through the courts. As a result of that action, Claimant was reinstated to his position on December 3, 1981. Claimant now seeks $17,385.45 for back wages for the period of January 9, 1981, through December 3, 1981, and $1,500.00 for lost overtime wages which Claimant states he expected to earn during that period.

The question of overtime, which was raised at the time of the trial of this case, is, in the Court's opinion, irrelevant. This Court has previously held that the Claimant, in cases such as this, must meet his burden of proving he took reasonable steps to mitigate the

damages suffered as a result of the State's wrongful act. The rule on mitigation of damages is stated distinctly in *Fuller v. State*, 26 Ill. Ct. Cl. 14, as follows:

"This Court has long followed the principle of 'avoidable consequences' which holds that a Claimant must use means as are reasonable under the circumstances to avoid, mitigate, reduce or minimize the damages, which he has incurred as a result of a wrongful act."

Claimant testified he did not make any job applications in his home town of Camp Point which had a population of approximately 14,000 people. He further testified that the "want ads" he looked at disclosed nothing he considered suitable for his abilities, and that he did not seek job applications in Quincy, Illinois, because his son-in-law advised him there were no suitable positions available in that town.

It is the Court's opinion that Claimant's attempts to find work were not reasonable within the meaning of the Court's decision in the case above cited. A claimant must take steps beyond merely looking at "want ads" and relying on a relative's opinion.

Award denied. Case dismissed.

## ORDER ON PETITION FOR REHEARING

HOLDERMAN, J.

This matter comes before the Court upon Claimant's petition for rehearing on an order heretofore entered by this Court dismissing said cause, and Respondent's reply to said petition.

Claimant seeks to recover compensation for a period of time when he had been wrongfully discharged from his employment with the Department of Transportation as a highway maintainer. A hearing was held on this matter and a Commissioner's report was returned.

In 1977, Claimant suffered a heart attack which resulted in a workmen's compensation case against the State which was eventually settled. Claimant remained off work until January 1981 by taking a series of six-month leaves of absence at which time his employment was terminated.

The evidence introduced before the commissioner at the time of the hearing was to the effect that Claimant had made little effort to mitigate the damages suffered as a result of his wrongful layoff. Claimant lived in a town of approximately 14,000 people and was in fairly close proximity to Quincy, Illinois, a much larger town. Claimant testified his son-in-law told him there was not any work available for him in Quincy and he had been unable to find work in his home town. His efforts to find work were minimal, to say the least.

The rule on mitigation of damages is stated distinctly in *Fuller v. State*, 26 Ill. Ct. Cl. 14, as follows:

"This Court has long followed the principle of 'avoidable consequences' which holds that a Claimant must use means as are reasonable under the circumstances to avoid, mitigate, reduce or minimize the damages, which he has incurred as a result of a wrongful act."

Claimant further testified that he made no job applications in his home town and that the "want ads" that he looked at disclosed nothing he considered suitable for his abilities.

It is the Court's opinion that its original order denying Claimant an award because of his failure to actively seek to mitigate the damages is correct.

It is hereby ordered that Claimant's petition for rehearing be, and the same is, denied and this cause is dismissed.