FARMER, Judge.
The trial judge[1] denied a motion seeking to recuse him from presiding over petitioner Petito’s criminal trial because the judge had filed a grievance against the petitioner’s lawyer charging him with witness tampering. In his order denying the motion on the grounds that it was legally insufficient, the judge explained: “Attorneys are required [e.o.] by Rule 4-8.3 of the Rules Regulating The Florida Bar to report suspected misconduct of a fellow attorney to the Florida Bar.”[2]
We did not require a response from the State because we have Judge Schack’s five page order setting forth his reasoning for denying the motion. Unfortunately, his order went well beyond merely passing on the legal sufficiency of the motion and included a justification or explanation for filing the grievance against petitioner’s lawyer, thereby creating automatic disqualification under Bundy v. Rudd, 366 So.2d 440, 442 (Fla.1978), and MacKenzie v. Super Kids Bargain Store Inc., 565 So.2d 1332, 1339 (Fla.1990). A determination of the legal sufficiency did not require any justification for his filing the grievance. Even worse, the justification which he gratuitously added created still more strongly a well-grounded fear of bias.
We do not express any opinion, however, as to his conclusion that the mere filing of a grievance against the lawyer is per se legally insufficient to disqualify a trial judge. See Livingston v. State, 441 So.2d 1083 (Fla.1983). Of course, any administrative inconvenience caused by the disqualification has no bearing on whether it should be granted.
PROHIBITION GRANTED.
LETTS, J., concurs.
POLEN, J., concurs specially with opinion.

. The trial judge’s surname is correctly spelled "Schack”, not "Shack" as was done in the petition. As the district court did in a slightly different context and in a materially different way in City of Jacksonville v. Raulerson, 415 So.2d 1303 (Fla. 1st DCA 1982), we have ourselves amended the caption of these proceedings to show that the respondent judge’s name is "Schack".

. Our summary grant of this writ should not be taken as approval of the practice of bringing the petition in the name of the lawyer for the party who fears the bias of the challenged judge. The language of § 38.10, Fla.Stat. (1989), runs in favor of a "party to any action”, and not to his lawyer.