153 So.2d 13 (1963)
GENERAL TELEPHONE COMPANY OF FLORIDA, INC., Appellant,
v.
Frank H. MAHR, Appellee.
No. 3414.
District Court of Appeal of Florida. Second District.
April 24, 1963.
Rehearing Denied May 24, 1963.
*14 Charles F. Clark of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Dewey A. Dye, Jr., of Dye & Dye, Bradenton, for appellee.
WIGGINTON, JOHN T., Associate Judge.
Defendant General Telephone Company of Florida has appealed from a judgment entered upon a jury's verdict which awarded damages to plaintiff for personal injuries suffered by him as a result of the alleged negligence of defendant's employees. Although defendant has assigned as grounds for reversal a number of errors allegedly committed by the trial court, we find it necessary to discuss only that point on appeal which challenges the sufficiency of the evidence to support the verdict on which the judgment is based.
The material facts which control our decision are not in dispute, although a conflict exists in some of the testimony of the witnesses adduced by the parties during the trial.
Appellant is a public utility corporation engaged in the business of furnishing telephone service to the inhabitants of Bradenton and the surrounding area. On the night during which the events giving rise to this cause of action transpired, appellant's employees were engaged in the business of repairing an underground telephone cable in the downtown area of Bradenton. A manhole cover had been removed at a point near the southeast corner of a street intersection, and a small gasoline powered water pump had been installed on the surface of the street next to the open manhole for the purpose of removing accumulated water at the bottom of the manhole. The motor was placed between the open manhole and the curb so that the water being pumped from beneath the ground could be discharged into the gutter and carried off by the storm sewers of the city. As a safety precaution defendant's employees had placed around the open manhole a portable metal pipe barricade about three feet high and of the type normally used for this purpose. As an additional safety precaution there was placed around the barricade several feet therefrom and facing the flow of traffic four signs bearing the inscription "Men Working". Attached to the two top corners of each sign were red flags calculated to attract the attention of any motorist proceeding in the direction of the barricade. Placed directly in front of each such sign was an open flame kerosene metal pot commonly known as a flambeau. The flambeaux served the dual purpose of attracting the attention of any approaching motorist to the construction work in progress, as well as illuminating the signs which gave warning that men were working in and around the barricade. Shortly before the occurrences hereinafter related, the tank of the gasoline pump had been refilled and the pump placed in operation. The employee handling the operation of the pump had filled the tank from a five-gallon can of gasoline utilized for that purpose. The gasoline can was of heavy metal construction containing a spout on the top covered by a screw type cap. After servicing the motor, the gasoline can was placed within the metal barricade near the pump but on the side opposite from the exhaust so as to prevent ignition of the gasoline by a backfire or other malfunctioning of the pump itself.
About nine o'clock P.M. on the night in question, while the repairs being accomplished by defendant's employees were in progress, an unidentified motorist drove his vehicle through the lighted flambeaux and warning signs into and against the metal barricade, water pump and gasoline can. As a result of this collision the barricade and water pump were knocked over on their sides; the gasoline can was catapulted a distance of from ten to fifteen feet from its previous location within the barricade *15 to a point almost mid-way of the crosswalk at the intersection, and one of the lighted flambeaux was hurled from its original position to a point either adjacent to or in close proximity to the point where the gasoline can came to rest. Immediately following the collision gasoline commenced to escape from its container either through a ruptured seam in the can or through the cap covering the spout, which gasoline became ignited upon coming in contact with the open flame of the flambeau.
No witnesses testifying in the case were present at the time of the collision, and the offending motorist was never apprehended. At the moment of impact defendant's employees were in and around another open manhole approximately one-half block distant from where the collision occurred engaged in the repair work then in progress. Upon hearing the collision and observing the ensuing conflagration caused by the burning gasoline, three of appellant's employees immediately seized fire extinguishers from their service trucks parked nearby and ran to the scene of the fire where they unsuccessfully attempted to extinguish the flame. When the contents of their fire extinguishers became exhausted, they turned their attention to directing traffic around and away from the burning gasoline can, and in controlling the pedestrians who arrived upon the scene.
A city policeman who was patrolling his beat about two blocks from the intersection saw the fire and contacted his headquarters by telephone, requesting that the fire department be summoned. He then ran to the scene of the fire for the purpose of lending assistance and doing what was necessary to protect the safety and welfare of those who had commenced to congregate at the intersection. Another city policeman cruising nearby in an automobile received a report of the fire and immediately proceeded to the scene. Upon arrival he obtained from his car a fire extinguisher and approached the burning gasoline can where he endeavored to extinguish the fire.
The plaintiff, a police sergeant, upon being notified of the fire, likewise proceeded to the scene, arriving shortly after the second policeman. Plaintiff walked from his parked car to the corner of the intersection and from there out into the crosswalk near where the other two policemen were attempting to control the fire. Being apprehensive that the gasoline can might explode, plaintiff warned the other two policemen to move away from the burning can, and upon giving this order he turned and started walking back toward the curb. Before plaintiff reached a place of safety the gasoline can exploded with great violence, hurling plaintiff to the sidewalk. It was for the personal injuries suffered by plaintiff as a result of the explosion that he instituted this suit for the recovery of damages. The trial court denied defendant's motion for a directed verdict made at the close of plaintiff's case, at the close of all evidence, and renewed after rendition of the verdict.
The gravamen of appellee's cause of action is contained in Paragraph 6 of his complaint which alleges:
"The proximate cause of said explosion and the resultant injuries to the plaintiff was the negligence of the defendant in placing the aforesaid container of gasoline or other highly inflammable or explosive substance in such close proximity to the open and unprotected flames of aforesaid flambeaux, or smudge pots, and in its failure to adequately protect, mark and identify its operation in and about said manhole.'
It is appellant's position that the proof adduced at the trial is insufficient as a matter of law to establish negligence on its part, and that conceding negligence for the purpose of discussion, the proof fails to establish that such negligence was the proximate cause of appellee's injuries.
The facts hereinabove recited establish without conflict that appellant did everything required of it under the law to adequately *16 protect, mark and identify its service installation in and about the manhole where work was in progress.[1] This is particularly true in the absence of any evidence tending to show a relationship between the alleged inadequacy of the warnings and the collision which occurred. It cannot be reasonably contended, as asserted by appellee, that appellant was under a duty to construct around the open manhole an impenetrable barrier of sufficient strength to withstand the collision of a moving vehicle in order to have discharged its obligation to the public. No jury question on this issue was presented by the evidence and in this respect appellee failed to sustain the burden of proving these allegations of his complaint.
It is appellee's position that appellant's negligence consisted of the dangerous condition created by permitting a can of gasoline, which is unquestionably a dangerous substance, to be placed within a few feet of open flame flambeaux in the normal path of automotive traffic on a principal intersection in downtown Bradenton on a rainy night. He confidently asserts that whether or not this violated appellant's duty to exercise the high degree of care commensurate with the dangerous character of the gasoline with the question fairly submitted to the jury under appropriate instructions by the court. Appellant argues with equal confidence that the presence of the gasoline can at the manhole was necessary in order to service the water pump then in operation, and that its placement within the enclosure of the barricade was at a sufficient distance from the flambeaux as to not create a dangerous condition per se, or to violate its duty to use due care in the premises.
Although we entertain grave doubt as to whether the evidence creates a jury question on the issue of negligence, we do not consider it necessary to resolve this question for the reason that it appears without dispute that the negligence, if any, was not the proximate cause of appellee's injuries.
As stated by the Supreme Court in the Cone case:[2]
"Not every negligent act of omission or commission gives rise to a cause of action for injuries sustained by another. It is only when injury to a person who himself is without contributing fault has resulted directly and in ordinary natural sequence from a negligent act without the intervention of any independent efficient cause, or is such as ordinarily and naturally should have been regarded as a probable, not a mere possible, result of the negligent act, that such injured person is entitled to recover damages as compensation for his loss. Conversely, when the loss is not a direct result of the negligent act complained of, or does not follow in natural ordinary sequence from such act but is merely a possible, as distinguished from a natural and probable, result of the negligence, recovery will not be allowed. * * * `Natural and probable' consequences are those which a person by prudent human foresight can be expected to anticipate as likely to result from an act, because they happen so frequently from the commission of such act that in the field of human experience they may be expected to happen again. `Possible' consequences are those which happen so infrequently from the commission of a particular act, that in the field of human experience they are not expected as likely to happen again from the commission of the same act. See 38 Am.Jur. 712, Negligence, Sec. 61."
In the Tampa Electric Company case[3] the Supreme Court, speaking through Mr. Justice Buford, said:

*17 "If an independent efficient cause intervenes between the negligence and the injury, and the original negligence does not directly contribute to the force or effectiveness of the intervening cause, the original negligence is not regarded as a proximate cause of the injury, even though the injury might not have occurred but for the original negligence. A proximate cause stands next in causal relation to the effect. * * * A proximate cause produces the result in continuous sequence, and without which the result would not have occurred."
As said by the First District Court of Appeal in the Pope case,[4] the foreseeability test has been applied to the independent intervening cause and it is held that the intervention of an independent intervening cause does not break the causal connection if the intervention of such force was itself probable or foreseeable. As noted in the Pope decision, under the foreseeability test even though the defendant has been negligent, there can be no recovery for an injury which was not a reasonably foreseeable consequence of his negligence.
The Supreme Court aptly opined in the Cone case, supra:
"The responsibility of a tort-feasor for the consequences of his negligent acts must end somewhere, and under our legal system the liability of the wrongdoer is extended only to the reasonable and probable, not the merely possible, results of a dereliction of duty."
In summary we hold that even should it be conceded that appellant was guilty of negligence in permitting the container of gasoline to be left at the place and under the circumstances shown by the evidence, the independent efficient cause of appellee's injuries was the act of the motorist in crashing through the flambeaux, warning signs and metal pipe barricade, causing the gasoline can and flambeau to be catapulted from the original locations to a point some ten or fifteen feet distance therefrom and in close proximity with each other, thereby starting the conflagration that caused the explosion which injured appellee. We further hold that as a matter of law appellant, by prudent human foresight, could not have been expected to anticipate that the injuries inflicted upon appellee by the means and under the circumstances revealed by this record would probably have occurred as a result of the can of gasoline being kept within the barricade and next to the motor which was regularly serviced therefrom.
The trial court erred in denying appellant's several motions for a directed verdict. The judgment appealed is accordingly reversed and the cause remanded with directions that judgment be entered in favor of appellant.
Reversed and remanded.
SHANNON, C.J., and KANNER, J., concur.
NOTES
[1] 25 Am.Jur.  Highways, § 413, p. 708.
[2] Cone v. Inter County Telephone & Telegraph Co., Fla. 1949, 40 So.2d 148.
[3] Tampa Electric Company v. Jones, 1939, 138 Fla. 746, 190 So. 26.
[4] Pope v. Pinkerton-Hays Lumber Co., Fla.App. 1960, 120 So.2d 227. Cert. den. Pinkerton-Hays Lumber Co. v. Pope, Fla. 1961, 127 So.2d 441.