192 So.2d 525 (1966)
Hassan RAMADAN, and Phillipa E. Ramadan, d/b/a Sunshine Park and Recreation Center, Appellants,
v.
Linda CROWELL, a Minor, by and through Her Mother and Next Friend, Alna Paxton, and Alna Paxton Individually, Appellees.
No. 7084.
District Court of Appeal of Florida. Second District.
December 9, 1966.
*526 George C. Dayton, Dade City, for appellants.
David A. Davis, Bushnell, for appellees.
PIERCE, Judge.
This is an appeal by defendants below from a final judgment entered in favor of the plaintiffs pursuant to a jury verdict.
The plaintiffs sued the defendants to recover damages for injuries sustained by the minor plaintiff as a result of the alleged negligence of the defendants in the maintenance of their recreational facilities which they conducted as a business for profit. Specifically, the facts are these: the minor plaintiff, a 12 year old girl, along with other children, was on the defendants' premises to use the swimming pool. She, together with another child, aged 6, became locked in the ladies' dressing and shower room as *527 a result of the door sticking when she attempted to open it to leave the room. She testified that she pushed the door after finding it stuck. Other unrebutted testimony established that the door opened inside so that it had to be pulled rather than pushed in order to open. In an attempt to look out from a window to call for help, she stood upon a bench and tried to pull herself up on a concrete block partition wall separating the shower from the rest of the room. At least one block from said partition fell and struck her foot resulting in injury to her.
During the trial proceedings, the trial Judge read to the jury a factual stipulation agreed to by both counsel. The statement contained no recitation of the failure of the door to open but did contain the following concluding paragraphs:
"Now, the plaintiff contends that the defendants were negligent in the construction of the shower partition wall, that the said shower partition wall was dangerous and unsafe, and such condition was known or should have been known by the defendants, and that such condition was not known to or observable by the plaintiff.
"The defendants deny that they have been negligent in the construction of said shower partition wall, and set up the affirmative defense that the plaintiff was guilty of contributory negligence in attempting to climb the shower partition wall."
Defendants moved for a directed verdict at the conclusion of plaintiffs' case on the ground of failure to prove any actionable negligence on defendants' part, also that it affirmatively appeared that the minor plaintiff was using the facility for a purpose or use for which it was not intended and was guilty of contributory negligence. The motion was denied, as were defendants' post-trial motions for judgment non obstante veredicto and for a new trial. These denials are among the errors assigned.
The question to be decided here is whether an owner of public bathing facilities is liable for injuries to a 12 year old girl patron received while she was climbing or attempting to climb a shower partition wall (a use for which it was not intended) in the ladies' dressing room of the owner's establishment where no negligence in construction or maintenance of the wall is shown, and where the climbing of the wall was in a panicky attempt to escape under a mistaken belief that an entrance door was blocked.
This question must be answered in the negative as a matter of law and therefore reversed for the reasons hereinafter stated.
The rule with regard to the duty owed by a swimming pool owner, operating it as a public amusement for profit, to its business invitee is set out in Biltmore Terrace Associates v. Kegan, Fla.App. 1961, 130 So.2d 631, 633, cert. discharged Fla. 1963, 154 So.2d 825:
"`The owner or proprietor of a bathing or swimming resort or pool as a place of public amusement is not an insurer of the safety of his patrons, but he must exercise ordinary and reasonable care and prudence to have and maintain his place and all appliances intended for the use of patrons in a reasonably safe condition for all ordinary, customary, and reasonable uses to which they may be put by patrons, and to use ordinary and reasonable care for the safety of his patrons, and he may be liable for injury to a patron from breach of his duty.'" (Emphasis supplied).
As stated defendants-appellants were not insurers of the safety of their guest. See also Mosqueda v. Paramount Enterprises, Inc., Fla.App. 1959, 111 So.2d 63. Therefore the mere happening of an accident on their premises is not enough to sustain the plaintiffs' burden to prove negligence. Plaintiffs only proved that an accident occurred and that damage flowed therefrom. But there was no sufficient evidence *528 of negligence. No testimony was offered as to construction, maintenance or lack of inspection of the wall. The mere fact that the block fell under unneeded and unanticipated pressure (which is all that plaintiff showed in regard to the wall) does not prove the complaint's allegations that the "defendants wilfully or recklessly or negligently construct[ed] or maintain[ed] or operate[d] or control[led] the said premises so as to cause said premises to be unsafe, or knew, or by the exercise of reasonable care, and/or due diligence should have known that the premises, and in particular, the said dressing room was not in a reasonably safe condition commensurate with the circumstances."
Further, plaintiff used the wall in a way not intended. The rule with respect to amusement owners' liability contemplates a duty to use proper care, precaution and diligence in providing and maintaining the facilities in a reasonably safe condition for the purposes to which they are adapted and apparently designed to be used. Turlington v. Tampa Electric Company, Fla. 1911, 62 Fla. 398, 56 So. 696, 38 L.R.A., N.S., 72. With all due respect to the little girl, the wall here was to serve as a partition to lend privacy to the shower area, not as an object to be climbed.
Plaintiffs in their brief raise the proposition that the jury may have considered the sticking of the door as negligence, rather than the latent danger of the concrete partition, coupled with failure to warn of such danger. We find the evidence legally insufficient on this question to warrant such finding, even if it were made an issue under the pleadings, which it was not.
It is now necessary to look at the procedural posture of this case. Defendants' motion for directed verdict made at the conclusion of plaintiffs' case was denied, but they did not renew such motion at the conclusion of all the testimony. Because of this failure to renew, the lower Court was without authority to grant the motion for judgment notwithstanding the verdict, made by defendants after trial, and the denial thereof was proper. See 6551 Collins Avenue Corp. v. Millen, Fla. 1958, 104 So.2d 337; City of Pompano Beach v. Edwards, Fla.App. 1961, 129 So.2d 144; F.R.C.P. 2.7(b), 31 F.S.A. We are likewise precluded from reviewing the denial of the single motion for directed verdict, because it was not renewed.
Defendants, however, have also assigned as error the denial of their motion for new trial. For the reasons hereinabove expressed, said motion should have been granted and we therefore reverse the judgment appealed and remand the cause for a new trial.
SHANNON, A.C.J., and LILES, J., concur.