LILES, Acting Chief Judge.
Appellant, plaintiff in the trial court, appeals from a final judgment entered by the trial judge in favor of appellee-defend-ant, Manly Construction Company.
*12 The suit was brought by plaintiff for the death of his wife alleging negligence caused by defendant Manly Construction Company. A motion was filed by defendant to dismiss the amended complaint for failure to state a cause of action against it. The trial judge granted the motion to dismiss and allowed plaintiff 20 days to amend his amended complaint. At the expiration of the 20 -days, plaintiff having failed to file another amended complaint, the trial judge entered final judgment in favor of defendant.
Plaintiff’s amended complaint alleged 'that on the night of July 26, 1963, plaintiff’s wife, a passenger in a 1962 Dodge automobile driven by Roosevelt Kennedy (not a party to this action), was killed when the car in which she was riding was catapulted over a petroleum flare placed in front of a barrier by the defendant. The automobile was allegedly stopped on the highway in front of the barricade, signaling for a left hand turn, when it was struck from the rear by a 19SS Ford being driven by Wallace Morgan (not a party to this action) at an excessive rate of speed while pursued by the police. The collision caused the car in which the deceased was riding to go through the barrier and over the petroleum flambeaux. Gasoline from the ruptured gas tank of the car in which the deceased was riding was ignited by the flambeaux, and the deceased perished.
The plaintiff alleged that the defendant was guilty of negligence in using petroleum flares rather than non-inflammable signaling devices, and that defendant’s failure to use non-inflammable flares was the proximate cause of the death of the deceased. We believe the trial judge was correct in entering his order of dismissal. However, we are not prepared to rule that the use of petroleum flares as warning devices can never be an act of negligence. Likewise, we cannot say that as a matter of law the use of such warning devices is negligence per se. We only say that in the instant case the defendant owed no duty to the plaintiff to use non-inflammable warning signals since the use of such signals was not an act of negligence on the part of this defendant. Therefore, plaintiff’s complaint failed to state a cause of action against defendant.
In order for one to be liable for the negligent injury or death of another, it must be shown that such negligence was the proximate cause of the injury or death. Even if a defendant has been negligent there can still be no recovery if the injury is not a reasonable, foreseeable consequence of his negligence. Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227 (D.C.A.Fla.1960).
This court in General Telephone Co. of Fla. v. Mahr, 153 So.2d 13 (D.C.A.Fla.1963) said:
“In summary we hold that even should it be conceded that appellant was guilty of negligence in permitting the container of gasoline to be left at the place and under the circumstances shown by the evidence, the independent efficient cause of appellee’s injuries was the act of the motorist in crashing through the flambeaux, warning signs and metal pipe barricade, causing the gasoline can and flambeaux to be catapulted from the original locations to a point some ten or fifteen feet distance therefrom and in close proximity with each other, thereby starting the conflagration that caused the explosion which injured appellee. We further hold that as a matter of law appellant, by prudent human foresight, could not have been expected to anticipate that the injuries inflicted upon appellee by the means and under the circumstances revealed by this record would probably have occurred as a result of the can of gasoline being kept within the barricade and next to the motor which was regularly serviced therefrom.” 153 So.2d at 17.
While we do not necessarily rely upon the result reached in that case, we do adhere *13 and reaffirm the general principle stated therein.
In the instant case the independent efficient cause of the death of plaintiff’s wife was the act of Wallace Morgan driving his 19SS Ford at such excessive speed as to cause his vehicle to crash into the rear of the 1962 Dodge in which the deceased was a passenger and causing said Dodge to travel forward with a ruptured gasoline tank over the petroleum flares. The flares ignited the gasoline tank and caused an explosion. The resulting fire caused the death of the deceased. This set of circumstances was not reasonably foreseeable by the defendant nor was he negligent in failing to assume that such a strange set of circumstances would be the result of his properly placing the flambeaux in front of the barrier to warn oncoming traffic.
For these reasons we believe the trial judge was correct in his order and final judgment, and therefore we affirm.
HOBSON, J., and ADKINS, JAMES C., Jr., Associate Judge, concur.