**OKERSTROM, et ux v. KEENE, et al.**
No. 157052.

Circuit Court, Hillsborough County.

August 30, 1967.

Roger A. Vaughan of Wagner, Cunningham & Vaughan, Tampa, for plaintiffs.

Donald A. Pleasants of Shackleford, Farrior Stallings & Evans, Tampa, for defendants.

ROBERT W. PATTON, Circuit Judge.

This cause came on to be heard before the court on August 11, 1967 upon the motion for summary judgment filed by the defendants on July 19th, 1967. There were present at the hearing

Donald A. Pleasants, Esq. of the law firm of Shackleford, Farrior, Stallings & Evans, attorneys for the defendants, and Roger A. Vaughan, Esq. of the firm of Wagner, Cunningham & Vaughan, of counsel for the plaintiffs.

The motion for summary judgment was argued by each of the attorneys present and they each submitted authorities to support such arguments. This court has considered the pleadings and the evidence, in the form of depositions and answers to interrogatories, which now form a part of the court file in this action, as well as the arguments of counsel and the authorities submitted.

This is an action wherein the plaintiffs seek to recover damages for personal injuries alleged to have been suffered by the plaintiff Mardeane A. Okerstrom while she was a paying guest at a swimming resort operated in Hillsborough County by the defendants as a place of public amusement. At the time of the alleged injury, the plaintiff Mardeane A. Okerstrom claims to have been standing in relatively shallow water adjacent to that portion of a dock or platform where steps leading from the water were located, said dock being within the area operated by the defendants as a swimming resort. Mrs. Okerstrom was then allegedly adjusting a life jacket being worn by her minor daughter, and while so engaged she was struck in the head by a boy who jumped from the dock.

From the depositions of the plaintiffs it would appear that the defendants had a regulation, not specified to be written or oral, prohibiting diving from that portion of the dock where the steps were located, and that such regulation had been enforced by lifeguards employed by the defendants. There is further testimony to indicate that the defendants employ a lifeguard or lifeguards who were supposed to be stationed at locations where they could observe the activities on the dock. There is still further evidence that at the time the accident in question happened, the lifeguard or lifeguards may have been at a place or places from which it was not possible to observe the activities on the dock.

The duty owed by the owner of a bathing or swimming resort operated as a place of public amusement has been set forth in several appellate court decisions in this state. Citations to some of these opinions are — Pickett v. City of Jacksonville, 20 So.2d 484; Brightwell v. Beem, 90 So.2d 320; Biltmore Terrace Associates v. Kegan, 130 So.2d 631; and Ramadan v. Crowell, 192 So.2d 525. The care which he must exercise for the safety of his patrons has been stated as being to have and maintain his

place and all appliances intended for the use of patrons in a reasonably safe condition for all ordinary, customary, and reasonable uses to which they may be put by a patron, and to use ordinary and reasonable care for the safety of his patrons.

The defendants, in order to be entitled to a summary judgment, must show the absence of any genuine issue of material fact (Lake v. Konstaninu, 189 So.2d 171). The appellate courts of this state have further ruled that a motion for summary judgment by a defendant must be denied if the facts revealed by the depositions and other evidence fail to overcome every theory on which, under the pleadings, the claim of the plaintiff might be sustained.

At this stage of this litigation it is the opinion of the court that the defendants have failed to meet this burden with respect to their motion for summary judgment. It is the opinion of the court that there is evidence contained in the depositions showing the existence of a genuine issue of material fact, that is, whether or not the defendants performed the duties required of them by law as operators or proprietors of a swimming resort operated as a place of public amusement.

It is therefore ordered that the defendants' motion for summary judgment is denied.