291 So.2d 214 (1974)
Daniel RIO and Esther Rio, His Wife, Appellants,
v.
Dan MINTON et al., Appellees.
No. 73-296.
District Court of Appeal of Florida, Second District.
February 27, 1974.
Rehearing Denied April 1, 1974.
*215 Britt Whitaker, Tampa, for appellants.
Eurich Z. Griffin and A. Broaddus Livingston, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for Dan Minton and Fireman's Fund American Ins. Co.
Gasper J. Ficarrotta, Ficarrotta & Ficarrotta, Tampa, for Palm Lounge, Inc.
BOARDMAN, Judge.
Appellants/plaintiffs, Daniel and Esther Rio, by their second amended complaint for the wrongful death of their minor son, alleged that their son died as the result of the joint and/or several negligence of the appellees/defendants, Dan Minton and Palm Lounge, Inc. Their second amended complaint was dismissed with prejudice upon the motion of both defendants and this timely appeal followed.
The said complaint alleged in Count I that the defendant, Minton, procured for the decedent, and alleged in Count II that the defendant, Palm Lounge, Inc. allowed the decedent to purchase and consume on its premises, a large quantity of alcoholic beverages. It is further alleged in Count I that Minton allowed the decedent to drive Minton's car when he knew or should have known of the decedent's intoxicated state, and that as a direct and proximate result of the decedent's being so intoxicated that his normal mental and physical faculties were grossly impaired, the decedent lost control of the automobile and died in the resulting accident.
The crucial question we are faced with is whether the second amended complaint stated a cause of action sufficient to withstand the motions to dismiss filed by the defendants. The trial court ordered the dismissal as to Minton and his insurance carrier Fireman's Fund American Insurance Company, on the grounds that no breach of any legal obligation or duty by the defendant, Dan Minton, had been alleged. Rule 1.110(b)(2), Florida Rules of Civil Procedure, 30 F.S.A., specifies that a pleading shall contain "... a short and plain statement of the ultimate facts showing that the pleader is entitled to relief... ." In Fontainebleau Hotel Corp. v. Walters, Fla. 1971, 246 So.2d 563, 565, it was held that:
... [W]here a complaint contains sufficient allegations to acquaint the defendant with the plaintiff's charge of wrongdoing so that the defendant can intelligently answer the same, it is error to dismiss the action on the ground that more specific allegations are required... ."
The trial court's requirement of an allegation of a breach of a legal obligation or duty by the defendant is clearly inconsistent with the provisions of Rule 1.110, supra, as interpreted by the numerous decisions of the courts of this state.
From the facts alleged in the complaint it is clear that a cause of action is stated against the defendant, Minton. See Restatement of the Law, Torts, § 390 (1934):
One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or from facts known to him should know to be likely because of his youth, inexperience or otherwise, to use it in a manner involving unreasonable risk of bodily harm to himself and others whom the supplier should expect to share in, or be in the vicinity of its use, is subject to liability for bodily harm caused thereby to them. (Emphasis supplied).
In principle this proposition of law was accepted in Engleman v. Traeger, 102 Fla. 756, 136 So. 527 (1931), where it was held:
... [E]very court in the land has recognized the liability of an automobile owner for damages resulting when he intrusts his car to a person who is drinking *216 and likely to become intoxicated while operating it....
The trial court erred in the granting of the motion to dismiss as it applies to the defendant, Minton. So much of its order is accordingly reversed.
The trial court, as previously stated, also granted the motion to dismiss filed by the defendant, Palm Lounge, Inc. This ruling was based on the authority of Davis v. Shiappacossee, Fla. 1963, 155 So.2d 365, and Cone v. Inter County Telephone & Telegraph Co., Fla. 1949, 40 So.2d 148.
The Davis case, supra, arose as a result of a conflict in the decisions rendered in Cone, supra, and Tamiami Gun Shop v. Klein, Fla. 1959, 116 So.2d 421. Davis, Cone and Tamiami Gun Shop, supra, were reconciled on the basis that in Cone the automobile accident and the death were not reasonably expected or the probable result of the illegal sale; whereas, in Tamiami Gun Shop, supra, the sale of the firearm to the minor, age 16, was held to be negligence, per se, violative of Section 790.18, Florida Statutes, F.S.A. The court in the last cited case held, in a well-reasoned opinion of the late Justice Hobson:
"... Statutes prohibiting the sale of firearms and similar dangerous articles to minors are held, for obvious reasons, to stand on the same footing as are acts requiring precautions for the protection of intoxicated or unusually ignorant people."
The rule that seems to evolve from the above-cited cases is that under the existing circumstances the occurrence of an accident must be probable rather than possible.
We agree with the trial judge that under the facts alleged in the complaint it was not probable or reasonably foreseeable that an adult, Minton, would negligently intrust his vehicle  a dangerous instrumentality  to a minor who had consumed alcohol on the defendant's premises. The act aforesaid of the adult, Minton, does not reasonably flow from the alleged wrongful act of the lounge and/or its servants and employees. Accordingly, so much of the order as dismissed Count II against Palm Lounge, Inc. is affirmed.
Affirmed in part and reversed in part with directions to the trial court to reinstate the cause against the appellee, Minton.
McNULTY, Acting C.J., concurs in conclusion.
FERRIS, JOHN G., Associate Judge, concurs.