409 So.2d 1101 (1982)
GENERAL TELEPHONE COMPANY OF FLORIDA, Appellant,
v.
David Cline CHOATE, Appellee.
No. 81-188.
District Court of Appeal of Florida, Second District.
January 27, 1982.
Rehearing Denied February 24, 1982.
*1102 F. Ronald Fraley, Charles P. Schropp and Raymond T. Elligett, Jr., of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellant.
Cone, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., and Larry Klein, West Palm Beach and McKeown & Gamot, Palm Beach, for appellee.
CAMPBELL, Judge.
Appellee, a lineman, was awarded damages for personal injuries he sustained when he fell from a power pole and his back struck appellant's telephone pedestal terminal located next to the pole. The record is devoid of any evidence to support liability on the part of appellant to appellee for his injuries based solely on the location of appellant's pedestal terminal in relation to appellee's employer's power pole as constituting the proximate or legal cause of those injuries. We, therefore, reverse the jury verdict and direct entry of a directed verdict as moved for by the appellant.
David Cline Choate had been a lineman for Peace River Electrical Cooperative (PREC) for eighteen years before the accident. When a power outage was reported, Choate was assigned to correct the problem. After clearing the area around PREC's pole, Choate used climbing hooks and a safety belt to ascend the pole to a height of fifteen feet. A gust of wind blew Choate from the pole and, as he fell, he struck appellant's pedestal terminal which was less than three feet from the "working side"[1] of PREC's pole.
Choate sued appellant General Telephone (GTE) for his injuries, alleging that it had been negligent in placing the pedestal too close to the pole from which Choate fell. At trial appellee's expert witness testified that if the pedestal in this case had been placed three feet away from the adjacent power pole, Choate would not have struck it *1103 when he fell. In our opinion, the latter assumption is sheer speculation. If the pedestal had been located three feet away instead of where it was, Choate, instead of striking his back and being injured, might have struck his head and been killed.
Appellant's safety director testified as an expert witness that of the falls incurred by its employees, there were no recorded instances of anyone striking a pedestal terminal. Appellant also presented testimony by a representative of Southern Bell Telephone that pedestals are usually placed six inches to one foot away from poles so they will be less likely to be knocked over by lawnmowers or other vehicles. Finally, an employee of Florida Power & Light was called to confirm that, at the time the pedestal was installed, the prevailing practice was to place such pedestals approximately one foot away from the adjacent pole. It was also this witness' opinion that a pedestal would constitute no more of a hazard to a falling lineman than the ground would.
It is not necessary to indulge in the process of speculation as to what would have been the safest distance for appellant's terminal to have been located in relation to PREC's pole. Appellee's complaint contains but a single allegation of negligence on the part of appellant. That allegation was that appellant
negligently placed the aforesaid telephone pedestal terminal in a position which the Defendant knew or should have known was dangerous and constituted a hazard to service linemen, such as the Plaintiff, who must climb said electrical power pole and further, that the positioning of the aforesaid telephone pedestal terminal was in violation of the standards of the industry which the Defendant knew or should have known existed, which required that said telephone pedestal terminals be located no less than four (4) inches from the adjacent power pole, or in a larger arcing circle, no closer than six (6) feet from the adjacent power pole. (Emphasis added.)
Appellant presented unrebutted evidence that PREC's pole which appellee was climbing at the time of the accident was not the original pole which was in place when the pedestal was installed. The evidence shows that when replacing a pole it is common practice to erect the new pole next to the original one and then transfer the lines to the new pole. Thus, there is no evidence that the distance between the present pole and the pedestal is the same distance as it was from the pedestal to the original pole when appellant installed the pedestal. Therefore, there is no evidence to support appellee's sole allegation that appellant "placed" or "positioned" its terminal adjacent to PREC's pole. On the contrary, the sole evidence is that the pole appellee was climbing was "placed" or "positioned" by PREC adjacent to appellant's previously installed terminal.
According to the record, the pedestal was installed adjacent to the original pole on April 3, 1969, and the adjacent pole was replaced with a new pole on June 3, 1970. The record fails to denote the location of the original pole. Recognizing the practice testified to of leaving the original pole in place until the lines may be transferred to the new pole, there is no evidence to show what the distance separating the two was in 1969.
Nevertheless, even if the evidence showed that the new pole was placed the same distance from the pedestal, appellant would still not be negligent because the pedestal was not the proximate cause of Choate's injuries. Determination of proximate cause should rest on whether the defendant should be under a duty to protect the plaintiff against the event which did in fact occur. W. Prosser, Law of Torts 244 (4th Ed. 1971). If the defendant has created only a passive, static condition which made the damage possible, the defendant should not be liable. Id. at 247. See Note, Tests of Causation and The Florida Jury Instructions  The Current Conflict and the Need for a Change, 32 U.Fla.L.Rev. 308, 320-24 (1980).
In Florida, proximate cause exists only when there is a natural, direct and *1104 continuous sequence between the defendant's act and the plaintiff's injury so that it may be said that but for the act the injury would not have occurred.[2]Sardell v. Malanio, 202 So.2d 746, 747 (Fla. 1967); Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227 (Fla. 1st DCA 1960) aff'd 127 So.2d 441, 443 (Fla. 1961). See also Greene v. Flewelling, 366 So.2d 777 (Fla.2d DCA 1978).
In Biltmore Terrace Associates v. Kegan, 130 So.2d 631 (Fla.3d DCA 1961), the Third District Court of Appeal reversed a jury verdict for a minor who sustained injuries when he dove from a four foot wall owned by the defendant hotel and struck the ocean bottom in very shallow water. The wall was constructed to separate the hotel's pool area from the ocean. Due to the extreme weather conditions, the pool was closed and no lifeguard was posted. Even though the hotel was aware that guests had been known to dive from the wall into the ocean, the district court of appeal noted that the wall was built in order to bar ingress to the ocean and not for diving purposes. There was no allegation that there was negligence in the wall's construction and the court held that the hotel owner had no duty to foresee the plaintiff's unpredictable actions. The court reasoned that, "To require a warning under such circumstances would be as ludicrous as requiring a sign on the top of an office building reading `don't jump off here.'" Id. at 634.
This court considered a similar case when a twelve-year-old mistakenly thought she was trapped in a public restroom and in attempting to "escape", tried to pull herself up a concrete block wall which caused a portion of the wall to fall and strike her foot. Ramadan v. Crowell, 192 So.2d 525 (Fla.2d DCA 1966). Reversing a jury verdict for the plaintiff, this court noted there was no finding that the wall had been negligently maintained and concluded: "[T]he mere happening of an accident on their premises is not enough to sustain the plaintiffs' burden to prove negligence." Id. at 527. Compare Burson v. Gate Petroleum Co., 401 So.2d 922 (Fla. 5th DCA 1981) (Selling beer to a minor was not the foreseeable proximate cause for injuries sustained when the purchasing minor shared the beer with the driver of a motor vehicle which subsequently struck the plaintiff.) and Rio v. Minton, 291 So.2d 214 (Fla.2d DCA 1974) with National Airlines, Inc. v. Edwards, 336 So.2d 545 (Fla. 1976) (hijacked plaintiff's injuries from consumption of Cuban food and beverages too remote to be recoverable) and Brown v. City of Alachua, 344 So.2d 1326 (Fla. 1st DCA 1977).
In General Telephone Co. of Florida v. Mahr, 153 So.2d 13 (Fla.2d DCA 1963), this court made it clear that, in order to establish proximate cause, the consequences of the defendant's act must be "natural and probable" and not just possible. Id. at 16-17. See Cone v. Inter County Telephone & Telegraph Co., 40 So.2d 148 (Fla. 1949). Mr. Mahr sued the utility for the negligence of its employees in leaving a gasoline can and open flame pots at a barricade around a manhole. The plaintiff's injury occurred when a motorist crashed through the utility's barricade and caused the gasoline can to explode. See also Memorial Park Inc. v. Spinelli, 342 So.2d 829 (Fla.2d DCA 1977); Crosby v. Manly Construction Co., 193 So.2d 11 (Fla.2d DCA 1966). See generally Restatement (Second) of Torts, § 430 (1966) (necessity of adequate causal relation).
The appellee's theory of appellant's negligence is necessarily based on the foreseeability by the appellant that someone falling from the utility pole would be injured by striking the approximately four inch square pedestal rising approximately three feet out of the ground. To render appellant liable on such a theory would require the appellant to foresee appellee's falling from directly above the pedestal. From the evidence, it appears that it could be foreseeable that a lineman would have to work on any or all sides of the pole depending on where the problem requiring the *1105 work was located. Therefore, a person working on the pole could fall from wherever he was working which would make the pedestal a hazard no matter where it was located in close proximity to the pole. Since the very nature of the use of a pedestal terminal requires it to be located somewhere in close proximity to the pole, the choice of that location is not rendered negligent simply because someone happened to fall from directly above it and be injured.
Finally, even if the record established the exact location that appellant placed its pedestal terminal in relation to PREC's pole, the record contains no evidence as to any standard of care by which appellant's placement of the terminal should be evaluated. The trial judge instructed the jury that appellant was subject to requirements of the National Electric Safety Code that electrical and communication equipment shall be installed so as to reduce hazard to life as far as practicable. That, however, does not establish any definitive standard of care by which appellant might be held liable to appellee. Actionable negligence is based on the failure to abide by a reasonable standard of care. Since the record establishes no standard applicable to appellant, the case should not have been allowed to go to the jury.
We, therefore, conclude that appellant should not be held liable to appellee merely because he struck an immovable pedestal instead of the ground. Accordingly, the judgment for appellee is reversed and this cause remanded with instructions to the trial court that appellant's motion for directed verdict should be granted.
OTT, Acting C.J., concurs.
RYDER, J., dissents.
NOTES
[1] According to the record, a lineman will climb the pole on the opposite side from where repairs are needed, or the working side. Notably, the evidence shows that most falls occur when climbing.
[2] The Florida Supreme Court seems to have modified the traditional "but for" test to the more modern "substantial factor" test in cases with separate concurrent causes of the injury. Note, supra, at 324.