BERANEK, Judge.
Plaintiff appeals from a summary judgment in favor of defendant in a wrongful death action. Plaintiff is the administrator of the Estate of his deceased son. The minor son, Michael McCarthy, age 17, entered the defendant’s bar, was served liquor, became intoxicated, and died later that evening in a one car accident which occurred while he was driving his automobile in an intoxicated state. While in the bar, Michael was accompanied by a 30-year old adult. Michael was not checked for identification at any time. The trial court entered summary judgment for the defendant, apparently on the theory that the accident was unforeseeable. This finding was based on two facts — that the accident happened approximately three and one-half hours after the minor left the bar, and that the minor was in the company of an adult while in the bar. We conclude that factual issues remain which barred summary judgment.
Initially, we find that the three and one-half hour interval is not so long as to break the alleged chain of causation as a matter of law. At least, conflicting inferences remained as to proximate cause and foreseeability. Defendant also contends that Michael McCarthy was accompanied by an adult on the evening in question and that the bar had the right to assume that the adult would take care of the minor to the extent of not letting the intoxicated minor drive an automobile. Defendant relies upon Rio v. Minton, 291 So.2d 214 (Fla. 2d DCA 1974), for this position. We reject this argument. If the bar operator knew Michael McCarthy was a minor and sold him liquor to the extent of intoxication based upon the assumption that an adult accompanying him would prohibit him from driving, then we conclude that such conduct would be a basis for liability against the bar. The bar’s pleadings do not expressly admit the knowledge of McCarthy’s status as a minor, but its arguments under the Rio case presume such knowledge. We choose not to approve a policy which would protect a bar from liability for the intentional sale of liquor to a known minor who happens to be accompanied by an adult.
Appellant urges liability under Section 562.11, Florida Statutes (1979) and Davis v. Shiappacossee, 155 So.2d 365 (Fla.1963). Appellee urges that the case is controlled by Section 768.125, Florida Statutes (1981). These questions have yet to be considered by the trial court due to the erroneous finding re foreseeability based on the defendant’s defensive position and reliance on the Rio case. See Migliore v. Crown Liquors of Broward Inc., (Fla. 4th DCA Case No. 81-883, opinion filed October 6, 1982). We thus do not rule on the application of either statute.
We conclude that factual issues remain at least as to whether the bar was on notice that the minor was likely to be driving an automobile. We, therefore, reverse the *758 summary judgment and remand for further proceedings.
REVERSED AND REMANDED.
DOWNEY and ANSTEAD, JJ., concur.