HENDRY, Judge.
Appellant was injured while working on the second story of a construction project when he stepped out onto a board which gave way causing him to fall on a pile of concrete debris that had been placed upon the ground by appellee, B & F Crane Service, Inc.
Appellant sued B & F and Southeastern Fidelity Insurance Company and others. After answer B & F and Southeastern moved for a summary final judgment which the trial court granted. It is from this judgment that appellant has appealed.
The trial court ruled upon the authority of General Telephone Company of Florida v. Choate, 409 So.2d 1101 (Fla. 2d DCA), rev. denied, 418 So.2d 1278 (Fla.1982), that as a matter of law there was no genuine issue of material fact to be tried and the appellees were entitled to judgment as a matter of law. We find error and reverse.
The trial court’s reliance on Choate was misplaced. The phone company “pedestal” upon which Mr. Choate fell while working on a nearby utility pole was required to be located in close proximity to the pole and a person working on the pole could fall from wherever he was working, making the pedestal a hazard wherever it was placed. Under these circumstances, it was held that the phone company was not negligent because the pedestal was merely a passive, static condition which made the plaintiffs damages possible, and thus the particular placement of the pedestal was not the proximate cause of Choate’s injuries. The court in Choate properly exercised its function of determining whether the plaintiff’s injuries were in fact caused by the placement of the pedestal, having been presented with facts upon which reasonable men could not differ as to whether the defendant’s conduct was or was not a substantial factor in producing the plaintiff’s injuries. W. Prosser, Law of Torts 289 (4th Ed.1971). Sub judiee, however, the record discloses facts upon which reasonable men could differ as to whether appellant’s injuries were in fact substantially caused by appellee’s placement of the concrete debris. This is particularly true since appellees conceded, for purposes of the summary judgment motion, negligence in placing and leaving the concrete debris in the location where appellant fell upon it. Summary disposition of the causation issue was therefore improper. W. Prosser, supra, at 289.
The appellees having failed to meet their burden of showing that no genuine issues of material fact existed and they were entitled to judgment as a matter of law, Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501 (Fla.1982); Shepard v. City of Palatka, 414 So.2d 1077 (Fla. 5th DCA 1981); Horton v. Gulf Power Co., 401 So.2d 1384 (Fla. 1st DCA), rev. denied, 411 So.2d 382 (Fla.1981), the summary judgment for appellees must be reversed.
Accordingly, the judgment appealed is reversed and the cause is remanded for a trial on all issues.
Reversed and remanded.