617 So.2d 344 (1993)
Joseph STAZENSKI and Virginia Stazenski, his wife, Appellants,
v.
TENNANT COMPANY, a foreign corporation, Appellee.
No. 92-2593.
District Court of Appeal of Florida, First District.
April 13, 1993.
Michael E. Seelie, P.A., and Daniel C. Shaughnessy of Coker, Myers, Schickel, Cooper & Sorenson, P.A., Jacksonville, for appellants.
Frank W. Hession, Matthews & Hession, Jacksonville, for appellee.
*345 WOLF, Judge.
Joseph Stazenski and Virginia Stazenski, his wife, appeal from a final summary judgment in favor of Tennant Company, the defendant in the trial court. The issue is whether the trial court erred in determining that the undisputed facts in the record established that there was no defect in the design or manufacture of the appellee's industrial sweeper which was the proximate cause of the accident which resulted in appellant's injuries. We find that the trial court erred in this determination; we, therefore, reverse the final summary judgment.
While employed by Fleming & Sons, the appellant, Joseph Stazenski, was involved in an industrial accident when he fell from an elevated platform/forklift and struck his wrist on the sharp edge of an industrial sweeper which was manufactured by the appellee. The nature of the injury was a deep laceration to the wrist, injuring nerves and tendons. The appellant sued, alleging that the defect in the sweeper (the sharp edges) was a proximate cause of his injuries and that the appellee was liable for those injuries. The appellee moved for summary final judgment on the claim.
At the summary judgment hearing, the trial court considered the depositions of Mr. Stazenski, and an eyewitness to the accident, Ben Johnson. While there are several inconsistencies between the testimony of the two witnesses, it is undisputed that appellant fell from a forklift in the warehouse and eventually fell on the sweeper, cutting his wrist. The trial court also considered the affidavit and resume of a professor in mechanical engineering which indicated that the professor would qualify as an expert in product safety. The professor performed an examination of the sweeper in question and reached the following conclusions: (1) The sweeper was in essentially the same condition when it left the manufacturer as at the time of the accident; (2) the corners of the sweeper were in an unreasonably dangerous condition when it left the manufacturer; (3) the sharp edges served no utilitarian purpose and should have been rounded to reduce the foreseeable risk of serious injury. Further, he found that the exposed corner of the sweeper (location of accident/injury) was sufficiently sharp to lacerate skin upon impact and, when coupled with the fact that important tendons and nerves are in close proximity to the skin surface, within one centimeter, he opined that an injury similar to Mr. Stazenski's was reasonably foreseeable due to the defect in the machine. After hearing, the trial court granted summary judgment, finding that there was no defect in design or manufacture which was the proximate cause of the accident which resulted in appellant's injuries. The court stated that it primarily relied on General Tel. v. Choate, 409 So.2d 1101 (Fla. 2d DCA 1982), rev. denied, 418 So.2d 1278 (Fla. 1982), and Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA 1981), rev. denied, 407 So.2d 1102 (Fla. 1981).
Summary judgment should only be granted where it is demonstrated that there exist no issues of material fact. Hancock v. Department of Corrections, 585 So.2d 1068 (Fla. 1st DCA 1991), rev. denied, 598 So.2d 75 (Fla. 1992). In U-Haul Co. of East Bay v. Meyer, 586 So.2d 1327 (Fla. 1st DCA 1991), a case which also involved injuries which were sustained as a result of a defect in design or manufacture of a product, this court announced the general rules pertaining to granting summary judgments in tort cases:
The principles governing grant of summary judgment are well settled, i.e., "a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought." Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985). Further, caution should be exercised with respect to a grant of summary judgment in negligence actions. Id. See also Unijax, Inc. v. Factory Insurance Assoc., 328 So.2d 448, 449 (Fla. 1st DCA 1976) cert. denied, 341 So.2d 1086 (Fla. 1976).
Id. at 1330. In cases involving recovery of damages as a result of a defective product, the plaintiff must demonstrate a defect, *346 that the party responsible for the defect owed a duty to the injured party, and the existence of a proximate causal connection between the defective condition and the injuries or damages suffered by the plaintiff. West v. Caterpillar Tractor Co. Inc., 336 So.2d 80 (Fla. 1976). Here, the affidavit of the professor clearly created an issue of material fact concerning whether the industrial sweeper manufactured and designed by the appellee was defective. The remaining issues related to the existence of a duty and the existence of proximate causal connection.[1]
In McCain v. Florida Power Corp., 593 So.2d 500 (Fla. 1992), the supreme court discussed the appropriate legal analysis in determining the existence of a duty and determining whether the breach of duty involved was a proximate cause of the injuries suffered by the plaintiff:
The duty element of negligence focuses on whether the defendant's conduct foreseeably created a broader "zone of risk" that poses a general threat of harm to others. The proximate causation element, on the other hand, is concerned with whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred. In other words, the former is a minimal threshold legal requirement for opening the courthouse doors, whereas the latter is part of the much more specific factual requirement that must be proved to win the case once the courthouse doors are open.
Id. at 502 (emphasis in original, footnote and citations omitted). The duty issue is resolved by determining whether the defendant created a generalized and foreseeable risk of harming others. McCain, supra at 503; Kaisner v. Kolb, 543 So.2d 732 (Fla. 1989). If the defendant creates no greater risk by reason of his actions, then no duty of care arises. General Tel. Co. of Florida v. Choate, 409 So.2d 1101 (Fla. 2d DCA 1982), rev. denied, 418 So.2d 1278 (Fla. 1982); Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA 1981), rev. denied, 407 So.2d 1102 (Fla. 1981).[2] Where a product is defective, however, and that defect rises to the level of a dangerous condition, the manufacturer or designer has created a zone of risk to all parties who may come in contact with the product. See Moffat v. U.S. Foundry & Mfg. Corp., 551 So.2d 592 (Fla. 2d DCA 1989); West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla. 1976).
In the instant case, the affidavit of appellants' expert states that the sweeper had sharp edges which constituted an unreasonably dangerous condition for all parties who might come in contact with the edges. Much like the situation in McCain, where the power-generating equipment created a zone of risk for people who might foreseeably come in contact with the equipment, a zone of risk in the instant case was created for all those who might foreseeably come into contact with the sweeper's sharp edges. Florida Power owed a duty to the plaintiff in the McCain case; similarly, Tennant Company owed a duty to the appellant in this case.
The issue of proximate cause is generally one of fact which should be determined by a jury. McCain, supra; Giddens v. Denman Rubber Mfg. Co., 440 So.2d 1320 (Fla. 5th DCA 1983). In determining whether the action of the defendant is a proximate cause of the injury, the test is to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred. McCain, supra at 502.[3] As the supreme court stated in McCain:

*347 [I]t is immaterial that the defendant could not foresee the precise manner in which the injury occurred or its exact extent. Restatement (2nd) of Torts, § 435 (1965). In such instances, the true extent of the liability would remain questions for the jury to decide.
Id. at 503 (emphasis in original).
In the case of Crislip v. Holland, the fourth district stated,
In order for injuries to be a foreseeable consequence of a negligent act, it is not necessary that the initial tortfeasor be able to foresee the exact nature and extent of the injuries or the precise manner in which the injuries occur. Rather, all that is necessary in order for liability to arise is that the tortfeasor be able to see that some injury will likely result in some manner as a consequence of his negligent acts.
Crislip v. Holland, 401 So.2d 1115, 1117 (Fla. 4th DCA 1981), rev. denied, 411 So.2d 380 (Fla. 1981) (emphasis in original) (quoted with approval in Stevens v. Jefferson, 436 So.2d 33 (Fla. 1983)).
In the instant case, it was not necessary that appellants prove that appellee should reasonably foresee that appellant would fall from a forklift onto the sharp edges, it was only necessary that it was foreseeable that a person might come into contact with the exposed sharp edges and thereby be injured. It was, therefore, up to the fact finder to determine whether the specific injury was generally foreseeable or merely an improbable freakish occurrence. McCain, supra at 504. The summary judgment is reversed.
WEBSTER and KAHN, JJ., concur.
NOTES
[1] While it appears that the trial judge relied primarily on the causation factor, appellee also argues that the decision of the trial court is affirmable in light of the lack of a duty on the part of appellee. Since both issues are argued in the briefs, we will address both points.
[2] General Tel. and Cassel appear to be cited by the trial judge to demonstrate a lack of proximate cause. A close reading of these cases seems to indicate, however, that the decision not to impose liability was based on the duty analysis, and that in neither case did the actions of the defendant create an increased zone of risk.
[3] The order of the trial court indicates that the defect in the sweeper was not "the" proximate cause of the injury. We would note that there may be more than one proximate cause of an injury, and any analysis which would focus on only one cause could lead to an incorrect result. See 4 F. Harper, F. James and O. Gray, The Law of Torts § 20.3 (2d ed. 1986); 5 S. Speiser, C. Krause and A. Gans, The American Law of Torts § 18.36 (1988); Prosser and Keeton on Torts ch. 7, § 41 (W. Keeton 5th ed. 1984).