944 So.2d 1083 (2006)
Patricia Hayes VINCENT, as mother and legal guardian of James Victor Flynn, Appellant,
v.
C.R. BARD, INC., a foreign corporation; Bimeco, Inc., a Florida corporation; Baxter Healthcare Corporation, a foreign corporation, Appellees.
No. 2D05-1870.
District Court of Appeal of Florida, Second District.
November 15, 2006.
Rehearing Denied January 3, 2007.
*1084 Joel D. Eaton of Podhurst Orseck, P.A., Miami, and Bill Wagner of Wagner, Vaughan & McLaughlin, P.A., Tampa, for Appellant.
Charles D. Bavol and William J. Judge, Jr. of Bavol Judge, P.A. Tampa, for Appellee C.R. Bard, Inc. and Bard Medsystems Division.
Jay B. Green and Jonathan M. Matzner of Green, Ackerman & Frost, P.A., Boca Raton, for Appellee, Bimeco, Inc.
Maja C. Eaton and James R.M. Hemmings of Sidley Austin, LLP, Chicago, IL, Edward W. Gerecke and E. Kelly Bittick, Jr. of Carlton Fields, P.A., Tampa, and Robert E. Biasotti of Carlton Fields, P.A., St. Petersburg, for Appellee Baxter Healthcare.
WHATLEY, Judge.
Patricia Hayes Vincent, as mother and legal guardian of James Victor Flynn, appeals the final summary judgment entered in favor of C.R. Bard, Inc., Baxter Healthcare *1085 Corp., and Bimeco, Inc. in her action against them in which she alleged claims for strict liability and negligence based on negligent design. This case presents a question of first impression in Florida whether the designer of a product may be liable in negligence to a foreseeable user of its product although there are intervening manufacturers and distributors. We conclude that the designer may be so liable.
Vincent's son was placed on a patient controlled analgesia (PCA) pump after undergoing surgery at Lee Memorial Hospital in 1999. The pump allegedly malfunctioned, delivering an overdose of morphine to Flynn that left him totally and permanently disabled. The pump was set aside after Flynn was discovered in distress, but the amount of morphine remaining in the pump was not documented and the pump permanently disappeared while in the custody of the hospital. It was because Vincent was unable to identify the pump used by her son that the trial court entered final summary judgment for all of the defendants.
In her amended complaint, Vincent alleged that Bard and Baxter were the manufacturers of the pump used by Flynn and that Bimeco was the distributor. Bard and Baxter were both alleged to be the manufacturers because in 1993, Baxter purchased the division of Bard that designed and manufactured PCA pumps. It is undisputed for summary judgment purposes that all pumps at Lee Memorial Hospital at the time of the subject incident were of the type designed by Bard, although they may have been manufactured by either Bard or Baxter. While the absence of the pump supports the entry of summary judgment in favor of Baxter and Bimeco, we conclude that at least at this stage of the proceedings, that fact alone does not support entry of summary judgment in favor of Bard with regard to Vincent's claim for negligent design.
In order to state a cause of action for negligence, a plaintiff must establish that the defendant owed the plaintiff a duty, the defendant breached that duty, the breach was the proximate cause of the plaintiff's injuries, and the plaintiff suffered damages as a result of those injuries. See Cintron v. Osmose Wood Preserving, Inc., 681 So.2d 859 (Fla. 5th DCA 1996) (citing Simon v. Tampa Elec. Co., 202 So.2d 209 (Fla. 2d DCA 1967)). We have found no Florida cases directly holding that a designer of a product who did not manufacture, sell, distribute or have any other involvement in getting the product to the user may be liable in negligence for the defective design of the product. However, with regard to a manufacturer, "[t]here is no doubt whatever that the manufacturer is under a duty to use reasonable care to design a product that is reasonably safe for its intended use and for other uses which are foreseeably probable." Light v. Weldarc Co., 569 So.2d 1302, 1303 (Fla. 5th DCA 1990) (quoting Prosser, The Law of Torts 644-45 (4th ed. 1978)). If a manufacturer who is also the designer of a product is under a duty to foreseeable users to exercise reasonable care in the design of its product, we see no sound reason why a designer of a product who is not the manufacturer should not owe that same duty to users of its product. See Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 590-91 (Tex.1986) ("A manufacturer has long been held to have a duty to exercise ordinary care in the design of a product. A designer who is not also the manufacturer should share the same duty to develop a safe design.") (citation omitted); see also Ridley v. Safety Kleen Corp., 693 So.2d 934, 938-39 (Fla.1996) ("[W]e imposed a duty on automobile manufacturers to use reasonable care in designing and manufacturing automobiles to eliminate the risk of foreseeable injury from such impacts.") (citing Ford Motor *1086 Co. v. Evancho, 327 So.2d 201 (Fla.1976)); Stazenski v. Tennant Co., 617 So.2d 344 (Fla. 1st DCA 1993) ("Where a product is defective . . . and that defect rises to the level of a dangerous condition, the manufacturer or designer has created a zone of risk to all parties who may come in contact with the product.") (emphasis added); Foster v. Ford Motor Co., 616 F.2d 1304 (5th Cir.1980) (holding that jury question existed as to whether welder hired to design and build hayfork to be attached to front-end loader exercised reasonable care in adopting safe design).
We conclude that a designer who defectively designs a product should not be shielded from liability for negligence because of the mere fact that there was an intervening manufacturer or distributor. See Ford Motor Co. v. Hill, 404 So.2d 1049, 1052 (Fla.1981) ("It would be a strange result if we said that a manufacturer who carefully designs a product and thereafter negligently produces it should be held liable, but a manufacturer who negligently designs the product and thereafter carefully produces it pursuant to the negligent design should be relieved of liability.") (quoting Hancock v. Paccar, Inc., 204 Neb. 468, 475, 283 N.W.2d 25, 33 (1979)).
Flynn, as a surgical patient, was clearly a foreseeable user of the Bard PCA pump. Thus, Bard had a duty to Flynn to exercise reasonable care in the design of the pump. Vincent presented the unopposed affidavit of a biomedical engineer who stated that it was his opinion that the overdose occurred because of intermittent over-delivery due to electromagnetic interference that was a result of an error in the design of the pump. On the face of this record, the absence of the actual pump does not overcome this theory. Thus, a genuine issue of material fact remains whether Bard breached its duty to Flynn. Accordingly, it was error for the trial court to enter summary judgment in favor of Bard on Vincent's claim for negligent design of the PCA pump.
We reject Vincent's argument that this court should adopt the alternative theory of liability set forth in section 433B(3) of the Second and Third Restatements of Torts with regard to Bard and Baxter. Aside from the fact that no Florida case adopts that theory, it does not apply to the facts of this case. The supreme court explained section 433B(3) as follows:
This theory of alternative liability applies when the actions of two or more tortfeasors combine to create an injury and it is impossible for the injured party to show which tortfeasor actually caused the injury. . . . The theory is applicable, for example, where two tortfeasors fire weapons in the direction of the victim and the victim is injured by one bullet.
Celotex Corp. v. Copeland, 471 So.2d 533, 536-37 (Fla.1985). Assuming it is "impossible" for purposes of section 433B(3) for Vincent to show whether the pump used by her son was manufactured by Bard or Baxter, it is undisputed that only one pump was used and it was designed by Bard. Therefore, the actions of the two manufacturers did not combine to cause her son's injuries, and section 433B(3) does not contain a theory of liability applicable to the facts of this case.
Accordingly, we affirm the final summary judgment in all respects except as to the negligent design cause of action against Bard and remand for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, J., and CURRY, CHARLES B., Associate Judge, Concur.