[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13321

_____

D. C. Docket No. 8:10-cv-02658-JDW-AEP

BARBARA METZ, et al.

Plaintiffs -Appellants,

versus

WYETH, LLC, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 1, 2013)

Before MARTIN and FAY, Circuit Judges, and EDENFIELD,[*] District Judge.

---

[*]Honorable B. Avant Edenfield, United States District Judge for the Southern District of Georgia, sitting by designation.

PER CURIAM:

The Metz's case had a bad two days in June, as their attorney has recognized in a model display of professionalism.  The opinions in <u>Mutual Pharmaceutical Co. v. Bartlett</u>, 133 S. Ct. 2466 (2013), and <u>Guarino v. Wyeth, LLC, et al.</u>, __F.3d__, No. 12-13263, 2013 WL 3185084 (11th Cir. June 25, 2013), disposed of all the claims before us, including the Metz's negligent design claim against Wyeth and Schwarz.  <u>See</u> <u>Guarino</u>, 2013 WL 3185084, at *5.  The judgment of the district court therefore is

AFFIRMED.

2

MARTIN, Circuit Judge, concurring:

While conceding that most of their arguments on appeal were disposed of by Mutual Pharm. Co., Inc. v. Bartlett, ___ U.S. ___, 133 S. Ct. 2466 (2013), and Guarino v. Wyeth LLC, et al., ___ F.3d ___, No. 12-13263, 2013 WL 3185084 (11th Cir. June 25, 2013), the Metzes asserted at oral argument that their negligent design claim against Wyeth and Schwarz survived.  I write separately only to elaborate on the majority's conclusion that Guarino also precludes that claim.

The holding in Guarino is clear: "Florida law does not recognize a claim against the brand manufacturer of a prescription drug when the plaintiff is known to have consumed only the generic form."  2013 WL 3185084, at *7.  Because Mrs. Metz only consumed the generic form of metoclopramide, Guarino's analysis bars any claims, including a negligent design claim, against Wyeth and Schwarz, the brand name manufacturers.

Also, contrary to the Metzes' argument, Vincent v. C.R. Bard, Inc., 944 So. 2d 1083 (Fla. 2d DCA 2006), does not alter our analysis.  In that case, the Florida Second District Court of Appeal held that "a designer who defectively designs a product should not be shielded from liability for negligence because of the mere fact that there was an intervening manufacturer or distributor."  Id. at 1086.  However, unlike Vincent, where the designer used a separate firm to manufacture

3

its product and profited from that product's sale, here Wyeth did not use Actavis to manufacture its drug and profit from Mrs. Metz's purchase of the Actavis product. The relationships between the designer and the manufacturer and purchaser in Vincent are not analogous to the relationships between Wyeth and Actavis or Wyeth and Mrs. Metz.  Tellingly, a number of the Florida cases on which Guarino relied for its holding were issued after Vincent.  Guarino, 2013 WL 3185084, at *5; see also, e.g., Howe v. Wyeth Inc., No. 8:09-CV-610-T-17AEP, 2010 WL 1708857, at *3 (M.D. Fla. April 26, 2010).